**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CARMAZZI, INC. d/b/a, CARMAZZI GLOBAL SOLUTIONS. a California
corporation, JAMES CARMAZZI and ANGELA CARMAZZI

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANA MARIA GUILLEN, ELENI O'LEARY, RICK FRAME,
MARK SITTERSON, MARY NAUFEL, and KRISTEN CHAPMAN ,
individually and on behalf of all others similarly situated

FILED
Superior Court Of California,
Sacramento
09/25/2018
jmora
By _____, Deputy
Case Number:
**34-2018-00241370**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|

Superior Court of the State of California, County of Sacramento
720 9th Street, Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Finkelstein & Krinsk LLP, Trenton R. Kashima, (SBN 291405)

550 West C Street, Ste. 1760 San Diego, CA 92101 (619) 238-1333

| DATE: *(Fecha)* | SEP 2 5 2018 | Clerk, by *(Secretario)* | J. MORA | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/6/18

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILED
Superior Court Of California,
Sacramento

09/25/2018

jmora

By_____, Deputy

Case Number:

**34-2018-00241370**

1   FINKELSTEIN & KRINSK LLP
    Jeffrey R. Krinsk, Esq. (SBN 109234)
2   jrk@classactionlaw.com
    Trenton R. Kashima, Esq. (SBN 291405)
3   trk@classactionlaw.com
    550 West C St., Suite 1760
4   San Diego, California 92101
    Telephone: (619) 238-1333
5   Facsimile:  (619) 238-5425

6   Attorneys for Plaintiffs
    and the Putative Classes

7

8   [Additional Counsel Listed On Signature Page]

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

               COUNTY OF SACRAMENTO
10

11  ANA MARIA GUILLEN, ELENI O'LEARY,      Case No:
    RICK FRAME, MARK SITTERSON, MARY
12  NAUFEL, and KRISTEN CHAPMAN ,
    individually and on behalf
13  of all others similarly situated,      **CLASS ACTION COMPLAINT**

14                   Plaintiff,
                                           **JURY TRIAL DEMANDED**
15  v.

16  CARMAZZI, INC. d/b/a, CARMAZZI GLOBAL
    SOLUTIONS. a California corporation, JAMES
17  CARMAZZI and ANGELA CARMAZZI.

18                   Defendants.

BY FAX

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiffs Ana Maria Guillen, Eleni O'Leary, Rick Frame, Mark Sitterson, Mary Naufel, and Kristen Chapman (hereinafter collectively referred to as "Plaintiffs") individually and on behalf of all others similarly situated, based on the investigation of counsel and their own individual knowledge as to Plaintiffs' own circumstances, hereby complain against Defendants Carmazzi Inc. (d/b/a Carmazzi Global Solutions) James Carmazzi and Angela Carmazzi (hereinafter collectively referred to as "Defendants") as follows:

## I. INTRODUCTION

1. Plaintiffs seek to represent a class composed of people who, during the relevant time period, worked as Verbatim Hearing Recorders ("VHR") at Carmazzi Global Solutions, Inc., in California, Michigan and across the country. Essentially, VHRs serve as court reporters in various court and administrative hearings, transcribing the verbal representations of the parties and preserving a copy of the transcript and record of a hearing. Defendants market and provide their verbatim hearing recorder services to various governmental agencies, including the United States Social Security Administration ("SSA").

2. Plaintiffs contend that all class members were denied full payment of their wages, pursuant to applicable federal and state wage and hour laws causing financial loss and injury. Specifically, Plaintiffs complain that Defendants misclassified Plaintiffs and all other members of the Class as independent contractors, as opposed to employees, at all times in which they worked as VHRs at Defendants' locations throughout California and the country. Plaintiffs contend that Defendants failed to pay Plaintiffs and all other members of the Class the minimum and overtime wages and other benefits to which they were entitled under applicable federal and California state laws.

3. Additionally, even if Plaintiffs were independent contractors, Defendants breached their contracts with Plaintiffs by not issuing Plaintiffs payment for work performed in accordance with the contracts.

4. Plaintiffs, therefore, bring this class action seeking damages, back pay, restitution, liquidated damages, injunctive and declaratory relief, civil penalties, prejudgment interest, reasonable attorneys' fees and costs, and any and all other relief the Court deems just, reasonable and equitable under the circumstances.

- 1 -

## II.   JURISDICTION AND VENUE

5.   This Court has jurisdiction over this action pursuant to Article 6, § 10 of the California Constitution, California Business and Professions Code § 17203, and Code of Civil Procedure §§ 382 and 410.10.

6.   This Court has jurisdiction over Plaintiffs' Fair Labor Standards Act ("FLSA") claims as 29 U.S.C. § 216(b) authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions in any court, which means state or federal.

7.   This Court has jurisdiction over Defendants because they are registered to conduct, and do conduct, substantial business within California and Sacramento County, including entering into the contracts alleged herein. Additionally, the parties have contractually agreed that state and federal courts within Sacramento County shall have jurisdiction to hear this case.

8.   Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because Defendants operate their business and employ the class members within this County, and a substantial or significant portion of the conduct complained of herein occurred and continues to occur within this County.

## III.   PARTIES

9.   Plaintiff Ana Maria Guillen ("Guillen") is a resident of Sacramento County, California. Guillen worked as a VHR for Defendants in the City of Sacramento, California during the class period and is a member of the proposed class. Like other class members, when Guillen worked in that capacity, she was (1) misclassified as an independent contractor and as a result was not paid any wages (or provided other benefits and rights) to which she was entitled as an employee; and (2) not paid in accordance with the terms of her contract with Defendants. Defendants have not indicated any dissatisfaction with Guillen's work product.

10.   Guillen seeks to represent the National Class and the California Subclass, defined below.

11.   Plaintiff Eleni O'Leary ("O'Leary") is a resident of Oakland County, Michigan. O'Leary worked as a VHR for Defendants in the City of Birmingham, Michigan during the class period and is a member of the proposed class. Like other class members, when O'Leary worked in

- 2 -

1    that capacity, she was (1) misclassified as an independent contractor and as a result was not paid any

2    wages (or provided other benefits and rights) to which she was entitled as an employee; and (2) not

3    paid in accordance with the terms of her contract with Defendants.

4        12.    O'Leary seeks to represent the National Class and the Michigan Subclass, defined

5    below.

6        13.    Plaintiff Rick Frame ("Frame") is a resident of Ingham County, Michigan. Frame

7    worked as a VHR for Defendants in the City of Williamston, Michigan during the class period and is

8    a member of the proposed class. Like other class members, when Frame worked in that capacity, he

9    was (1) misclassified as an independent contractor and as a result was not paid any wages (or provided

10   other benefits and rights) to which he was entitled as an employee; and (2) not paid in accordance with

11   the terms of his contract with Defendants. Defendants have not indicated any dissatisfaction with

12   O'Leary's work product.

13       14.    Frame seeks to represent the National Class and the Michigan Subclass, defined below.

14       15.    Plaintiff Mark Sitterson ("Sitterson") is a resident of St. Johns County, Florida.

15   Sitterson worked as a VHR for Defendants in the City of Jacksonville, Florida during the class period

16   and is a member of the proposed class. Like other class members, when Sitterson worked in that

17   capacity, he was (1) misclassified as an independent contractor and as a result was not paid any wages

18   (or provided other benefits and rights) to which he was entitled as an employee; and (2) not paid in

19   accordance with the terms of his contract with Defendants. Defendants have not indicated any

20   dissatisfaction with Sitterson's work product.

21       16.    Sitterson seeks to represent the National Class and the Florida Subclass, defined below.

22       17.    Plaintiff Rose Mary Naufel ("Naufel") is a resident of Greenville County, South

23   Carolina. Naufel worked as a VHR for Defendants in the City of Greenville, South Carolina during

24   the class period and is a member of the proposed class. Like other class members, when Naufel worked

25   in that capacity, she was (1) misclassified as an independent contractor and as a result was not paid

26   any wages (or provided other benefits and rights) to which she was entitled as an employee; and (2)

27   not paid in accordance with the terms of her contract with Defendants. Defendants have not indicated

28   any dissatisfaction with Naufel's work product.

- 3 -

CLASS ACTION COMPLAINT

18.     Naufel seeks to represent the National Class and the South Carolina Subclass, defined below.

19.     Plaintiff Kristen Chapman ("Chapman") is a resident of Harford County, Maryland. Chapman worked as a VHR for Defendants in the City of Joppa, Maryland during the class period and is a member of the proposed class. Like other class members, when Chapman worked in that capacity, she was (1) misclassified as an independent contractor and as a result was not paid any wages (or provided other benefits and rights) to which she was entitled as an employee; and (2) not paid in accordance with the terms of her contract with Defendants. Defendants have not indicated any dissatisfaction with Chapman's work product.

20.     Chapman seeks to represent the National Class and the Maryland Subclass, defined below.

21.     Plaintiffs intend to file additional Consents to Become Party executed by similarly situated individuals as they are secured.

22.     Defendant Carmazzi Inc., which does business as Carmazzi Global Solutions, is a California Corporation maintaining offices in Elk Grove, California. The registered office and Agent for Service of Process for Carmazzi Inc. is located at 1026 Florin Rd., No. 384, Sacramento California, 95831. From those offices Defendants manage, operate and/or controls the business operations and employment and wage policies at the numerous locations doing business under Carmazzi Global Solutions and/or other trade names nationwide, including the locations where Plaintiffs and all Class members worked.

23.     Defendant James Carmazzi is a shareholder and Chief Financial Officer of Carmazzi Inc.

24.     Defendant Angela Carmazzi is a shareholder and Chief Executive Officer and Secretary of Carmazzi Inc.

25.     Defendants James and Angela Carmazzi collectively own Defendant Carmazzi Global Solutions and has plenary control over its operations.

26.     Defendants are business entities and/or individuals that employ and control the work of members of the Class that work or have worked at Carmazzi Inc. throughout the country.

- 4 -

CLASS ACTION COMPLAINT

27.     The senior management of all Defendants' locations throughout California and the country is delegated to Defendants and/or its agents. In turn, the employment policies affecting class members at the locations in California and across the country are dictated, determined, controlled and perpetuated in material part by Defendants and as such, they are joint employers of all VHRs under applicable federal and state wage and hour laws, including the FLSA.

28.     All named Defendants agreed and conspired among themselves, along with any third party owners of certain of the Carmazzi Global Solutions locations throughout California and the country to unlawfully: (1) misclassify VHRs as independent contractors, as opposed to employees; (2) not pay any VHRs any wages for several weeks or months; (3) adopt and implement employment policies which violate the FLSA and California wage and hour laws; and (4) breach employment contracts with VHRs by failing to pay VHRs in accordance with the terms set forth in the contracts. The unlawful agreements and conspiracies between Defendants and third parties in the enterprise were entered into as part of a strategy to maximize revenues and profits and to violate Class members' statutory rights.

29.     Defendants knew or should have known that the business model employed was unlawful as applicable laws confirm that employees must be paid minimum wage in accordance with state and federal law. Despite this, Defendants continued to willfully engage in the acts described below misclassifying VHRs and failing to provide VHRs with any payment whatsoever for periods of weeks or months in violation of their legal duties.

30.     At all relevant times, Defendants owned and operated a business engaged in interstate commerce and which utilized goods moving in interstate commerce. On information and belief, during the relevant time period, the annual gross revenues of each Defendant exceeded $500,000 per year.

31.     By reason of the foregoing, Defendants were at all relevant times enterprises engaged in commerce as defined in 29 U.S.C. §203(r) and §203(s). Defendants constitute an "enterprise" within the meaning of 29 U.S.C. §203(r)(1), because they perform related activities through common control for a common business purpose. At all relevant times, Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. §206(a) and §207(a).

32.     Plaintiffs are informed and believe and thereon allege that each of the Defendants was

- 5 -

1  acting as the agent, employee, partner, or servant of each of the remaining Defendants and was acting

2  within the course and scope of that relationship, and gave consent to, ratified, and authorized the acts

3  alleged herein to each of the remaining Defendants.

4  **IV.    JOINT EMPLOYER ALLEGATIONS**

5      33.    Under the FLSA, "employer" is defined as "any person acting directly or indirectly in

6  the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

7      34.    The definition of "employer" under the FLSA is not limited by the common law

8  concept of "employer," and is to be given an expansive interpretation in order to effectuate the FLSA's

9  broad remedial purposes. *Real v. Driscoll Strawberry Assocs.* (9th Cir. 1979) 603 F.2d 748, 754.

10     35.    Congress defined "employee" as "any individual employed by an employer," 29 U.S.C.

11 § 203(e)(1), describing this language as "the broadest definition that has ever been included in any one

12 act." *United States v. Rosenwasser* (1945) 323 U.S. 360, 363 n.3 (*quoting* 81 Cong. Rec. 7657 (1937)

13 (statement of Sen. Hugo Black)); *Tony & Susan Alamo Found. v. Sec'y of Labor* (1985) 471 U.S. 290,

14 300 n.21 (same).

15     36.    The determination of whether an employer-employee relationship exists does not

16 depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food*

17 *Corp. v. McComb* (1947) 331 U.S. 722, 730. The touchstone is "economic reality." *Goldberg v.*

18 *Whitaker House Cooperative, Inc.* (1961) 366 U.S. 28, 33.

19     37.    Two or more employers may jointly employ someone for purposes of the FLSA. *Falk*

20 *v. Brennan* (1973) 414 U.S. 190, 195.

21     38.    All joint employers are individually responsible for compliance with the FLSA. 29

22 C.F.R. § 791.2(a).

23     39.    Regulations issued by the Department of Labor give the following examples of joint

24 employment situations:

25         (2) Where one employer is acting directly or indirectly in the interest of the other
           employer (or employers) in relation to the employee; or
26
           (3) Where the employers are not completely disassociated with respect to the
27         employment of a particular employee and may be deemed to share control of the
           employee, directly or indirectly, by reason of the fact that one employer controls, is
28         controlled by, or is under common control with the other employer.

- 6 -

29 C.F.R. § 791.2(b) (footnotes omitted).

40.     The ultimate question of whether a party is an "employer" is a legal issue. *Bonnette v. California Health & Welfare Agency* (9th Cir. 1983) 704 F.2d 1465, 1469–70.   The ultimate determination must be based "upon the circumstances of the whole activity." *Id.* at 1470 (citing *Rutherford*, 331 U.S. 722.

41.     Defendants James and Angela Carmazzi own Defendant Carmazzi Global Solutions and has plenary control over its operations, including all employment decisions. Defendants James and Angela Carmazzi, have been involved in the decisions to classify VHRs working at Defendants' locations as independent contractors, as opposed to employees and to perpetuate and maintain that classification system.

42.     Plausibly, by Defendants James and Angela Carmazzi's exercise of control, input, and responsibility for issuing accurate, legitimate, and proper paychecks for the Plaintiffs' and all other Agents, they meet the test for joint employer.

43.     Defendants James and Angela Carmazzi controlled the rate and method of payment for the VHRs, including making changes to their commission structure. *Conde v. Open Door Mktg., LLC* (N.D. Cal. 2017) 223 F. Supp. 3d 949, 967 (finding multiple companies and individual defendants were joint employers of sales and marketing workers).

44.     Plausibly, through Defendants James and Angela Carmazzi's exercise of control, input, and responsibility over the rate and method of work orders for Plaintiffs, they meet the test for joint employer. *Conde, supra.*

45.     Defendants James and Angela Carmazzi maintained employment records in connection with the VHRs. Furthermore, Defendants James and Angela Carmazzi actively kept, updated, and maintained the Agents' pay records, agreements, and performance evaluations related to their employment.

46.     Plausibly, by all Defendants James and Angela Carmazzi's exercise of control, input and responsibility over the Agents' employment, they meet the test for joint employer.

47.     Defendants James and Angela Carmazzi controlled the structure and conditions of

- 7 -

1  employment for Plaintiffs.

2      48.    Plausibly, by Defendants James and Angela Carmazzi's exercise of control, input, and

3  responsibility over the training, structure and conditions of employment of the VHRs, they meet the

4  test for joint employer.

5      49.    Regardless of which of the Defendants is viewed as having had the power to hire and

6  fire, their power over the employment relationship by virtue of their overarching control over the purse

7  strings was substantial, and thus each Defendant meets the test for joint employer. *Bonnette, supra*, at

8  1470.

9      50.    Regardless of any of the individual criteria for joint employer, as active business

10  owners, Defendants James and Angela Carmazzi also had complete economic control over the

11  employment relationship. The "economic reality" was that they employed VHRs for their benefit, and

12  thus they meet the test for joint employer. *Bonnette, supra*, at 1470.

13      51.    The fact that some Defendants may not have exercised each and every aspect of the test

14  for employer under the law, and may have delegated some of the responsibilities to others, does not

15  alter their status as employer; it merely makes them joint employers. *Id.*

16      52.    Whether employers, or joint employers, each Defendant is nevertheless liable for the

17  wage violations pleaded in this Complaint. *Falk, supra*; 29 C.F.R. § 791.2(a).

18      53.    The above well-pleaded facts all support Plaintiffs' standing to sue each and every

19  Defendant named herein as a joint employer and seek damages for the alleged violations under a joint

20  employment theory. *Conde*, 223 F. Supp. 3d at 966; *Haralson v. United Airlines, Inc.* (N.D. Cal.

21  2016) 224 F. Supp. 3d 928, 940.

22      54.    Upon information and belief, Defendants jointly employed hundreds of VHRs –

23  including Plaintiffs – in California during the last four years.

24      55.    Plaintiffs are informed and believe, and allege thereon, that Defendants are jointly and

25  severally responsible for the circumstances alleged herein, and proximately caused Plaintiffs the

26  fraudulent, unlawful, unfair, and deceptive acts and wage violations complained of herein.

27      56.    At all times herein mentioned, Defendants approved of, condoned, and/or otherwise

28  ratified each and every one of the acts or omissions complained of herein.

- 8 -

CLASS ACTION COMPLAINT

1   57.   Defendants acted willfully in violating the laws and regulations pleaded in this

2   Complaint.

3   58.   At all times herein mentioned, Defendants' acts and omissions proximately caused the

4   complaints, injuries, and damages alleged herein.

5   **V.   SUBSTANTIVE ALLEGATIONS**

6   59.   At all relevant times, Plaintiffs and the Class worked as VHRs for Defendants. In

7   entering into an employment relationship with Defendants, Plaintiffs and other VHRs signed a contract

8   entitled Master Agreement for Verbatim Recording Services (or "Master Agreement") setting forth

9   the terms and conditions of their employment. The parties agreed that the Master Agreement is

10   governed by California law.

11   60.   The Master Agreement characterizes the VHR as independent contractors, and not

12   employees. However, when one actually reads the restrictive covenants of the Master Agreement, it

13   becomes clear that the VHR are employees in all but name.

14   61.   The Master Agreement prohibits the VHR from providing verbatim hearing recorder

15   services to the general public, or through other agencies, during the contract term (which is generally

16   for one year, minimum). The VHR are further prohibited from accepting any contract or obligation

17   that will interfere with the VHRs ability to accept a work order under the Master Agreement. Plaintiffs

18   and the Class also cannot solicit any of Defendants' clients or other VHRs for a period of two years

19   following termination of the Master Agreement. These provisions of the Master Agreement ensures

20   that any VHRs will be solely dependent on Defendants to market and contract for their verbatim

21   hearing recorder services

22   62.   The Master Agreement signed by Plaintiffs and the Class stipulate the VHRs would

23   provide verbatim hearing recorder services for government agencies (such as the SSA), in accordance

24   with work orders which would periodically be provided *via* email. In exchange for accepting the work

25   order, Plaintiffs and the Class receive a pre-calculated payment "according to a standard 60 day

26   payment term." The services required under any work order is not individually negotiated with the

27   VHRs. A work order is deemed accepted and a "signed" agreement by Defendants, unless the VHRs

28   replies to the email within twenty-four (24) hours. Even if Defendants do not provide the VHRs with

- 9 -

1  a work order, the VHRs is still subject to the terms of the Master Agreement.

2       63. Under Defendants' compensation system, Plaintiffs and the members of the Class are

3  paid a flat fee, regardless of the time spent on the verbatim hearing recording project (often as low as

4  twenty (20) dollars per hearing). Defendants' compensation system does not account for the actual

5  time that any VHRs spends at the hearing, traveling to and from the hearing location, and the

6  significant amount of additional time it takes to finalize the transcript and record.

7       64. Defendants also do not reimburse individuals for any work related expenses. This is

8  particularly problematic because hearings often occur in a number of disparately located cities and

9  require the VHRs to travel or teleconference.

10       65. Plaintiffs and the Class have not received payment in accordance with the contracts

11  entered into with Defendants. Plaintiffs and the Class have waited in excess of sixty (60) days from

12  the provision of their services for payment.

13       **A. Plaintiffs and the Class were Employees of Defendants**

14       66. Defendants misclassified Plaintiffs and other Class members as independent

15  contractors in order to deny Class members the protections afforded employees under applicable wage

16  and labor laws.

17       67. Employment is defined with "striking breadth" in the wage and hour laws. *Nationwide*

18  *Mut. Ins. Co. v. Darden* (1992) 503 U.S. 318, 325-26. With regardless to the FLSA's claims, the

19  determining factor as to whether VHRs like Plaintiffs are employees or independent contractors is not

20  the VHR's election, subjective intent or any contract. *Rutherford,* 331 U.S. at 727. Rather, the test for

21  determining whether an individual is an "employee" under the FLSA is the economic reality test. An

22  employee status turns on whether the individual is, as a matter of economic reality, in business for the

23  individual and truly independent, or rather is economically dependent upon finding employment in

24  others.

25       68. Under the applicable economic reality test, courts utilize several factors to determine

26  economic dependence and employment status. They are: (i) the degree of control exercised by the

27  alleged employer; (ii) the relative investments of the alleged employer and employee; (iii) the degree

28  to which the employee's opportunity for profit and loss is determined by the employer; (iv) the skill

- 10 -

CLASS ACTION COMPLAINT

1    and initiative required in performing the job; (v) the permanency of the relationship; and (vi) the degree

2    to which the alleged employee's tasks are integral to the employer's business.

3        69.    California law governing the Master Agreement and, therefore, Plaintiffs' state labor

4    law claims. Under California law an employee's status is tested under the "ABC" test as set forth in

5    *Dynamex Operations W. v. Sup. Ct.* (2018) 4 Cal. 5th 903, 912, *reh'g denied* (June 20, 2018). In

6    *Dynamex*, the California Supreme Court ruled that the test for misclassification only looked to three

7    elements, referred to as the "ABC test" and that it was the employer's burden to establish *all three*

8    elements were met, including (1) Is the worker free from the control and direction of the hiring entity

9    in the performance of the work, both under the contract for the performance of the work and in fact?;

10   (2) Does the worker perform work that is outside the usual course of the hiring entity's business?; and

11   (3) Is the worker customarily engaged in an independently established trade, occupation, or business

12   of the same nature as the work performed for the hiring entity? *Id.* at 957. [1]

13       70.    Any contract which attempts to have workers waive, limit or abridge their statutory

14   rights to be treated as an employee under the FLSA or applicable California wage and hour laws is

15   void, unenforceable, unconscionable and contrary to public policy. Workers in the Class cannot validly

16   "elect" to be treated as employees or independent contractors under threat of adverse treatment. Nor

17   can workers in the Class agree to be paid less than the minimum wage.

18       71.    Despite this, Defendants unfairly, unlawfully, fraudulently and unconscionably attempt

19   to coerce VHRs in the Class to waive their statutory rights and elect to be treated as independent

20   contractors. Defendants threaten to penalize and discriminate against VHRs in the Class if they assert

21   their statutory rights such as through termination among other adverse conditions and retaliations. Any

22   such retaliation based on the assertion of statutory rights under the wage and hour laws is unlawful.

23   29 U.S.C. §215(a)(3). Further, it is unlawful for an employer to even threaten to discharge, demote,

24

25       [1] Similarly, Maryland, Florida, South Carolina, and Michigan also uses the same economic reality
26   test. *See, e.g., Heath v. Perdue Farms, Inc.*, 87 F.Supp.2d 452, 458–59 (D.Md. 2000) (applying the
     six-factor economic realities test in analyzing whether crew leaders were employees or independent
27   contractors for the purpose of both the FLSA and the MWHL); Florida Constitution, Art. X, Sec. 24(b)
     (adopting federal labor standards). Accordingly, to the extent that California law does not apply to any
28   of the Maryland, Florida, South Carolina, and Michigan Subclasses, the FLSA's economic reality test
     will control.

- 11 -

CLASS ACTION COMPLAINT

terminate or discriminate in the terms and conditions of employment because an employee has made a *bona fide* complaint against an employer for a violation of wage and hour laws. This protection encompasses the exercise of statutory rights on the employee's own behalf and on behalf of others. Any actual or threatened retaliation against an employee for the assertion of wage and hour law claims violates the state's fundamental public policy to protect the payment of wages and employee's rights.

72.    The totality of circumstances surrounding the employment relationship between Defendants and the VHRs in the Class establishes economic dependence by the VHRs on Defendants and employee status. Here, as a matter of economic reality, or under the ABC test, Plaintiffs and all other Class members are not in business for themselves and truly independent. The VHRs are not engaged in occupations or businesses distinct from that of Defendants. Rather, their work is the basis for Defendants' business, *i.e.* Plaintiffs and Class Members are essentially court reporters for a court reporting service. Defendants obtain the patrons who desire VHR services and then provide the workers who conduct the VHR services on behalf of Defendants. Defendants retain pervasive control over the business operation as a whole, and the VHRs' duties are an integral part of the operation.

73.    Thus, whether analyzed according to the FLSA's economic reality test or California's more rigorous "ABC test," it is clear that Defendants miscast Plaintiffs and the Class as independent contractors.

1.    Degree of Control – Plaintiffs and The Other VHRs Exercise No Control Over Their "Own" or Their Employers' Business'

74.    Plaintiffs and the other members of the Class do not exert control over a meaningful part of the Defendants' business and do not stand as separate economic entities from Defendant. Indeed, Plaintiffs and the other Class members are not their own business, employing individuals and marketing their services to a multitude of consumers. Instead, Plaintiffs and the Class are simply employees, working for Defendants.

75.    Furthermore, Plaintiffs and the other members of the Class are completely reliant on Defendants to provide hearing recorder services. Under the terms of the Master Agreement, VHRs cannot offer verbatim hearing recorder services to others during the term of their contract. Consequently, Defendants' VHRs are solely dependent on Defendants to market, solicit, and contract

- 12 -

1 for the hearing recorder services and cannot operate as a separate business offering hearing recorder
2 services.

3     76.    Defendants exercise control over all aspects of the working relationship with Plaintiffs
4 and the other VHRs. Defendants dictate when a VHR works, and how much VHR gets paid, through
5 Defendants' unilateral control of the work orders. Additionally, even when not engaged under a work
6 order, a VHR may not in take part in any activities that work interfere with their ability to accept a
7 work from Defendants. Because Defendants exercise control over VHRs' work schedule
8 compensation, Class members' economic status is inextricably linked to those conditions over which
9 Defendants have complete control. Plaintiffs and the other VHRs are completely dependent on the
10 Defendants for their earnings.

11     77.    Defendants also dictate the manner in which a VHR must provide their hearing recorder
12 services. Defendants establish guidelines and rules to ensure that the VHRs' work product is
13 acceptable to Defendants' customers, including the format of any transcripts or records provided, the
14 software that must be used to make audio recordings, and the level of service that must be provided.
15 The foregoing establishes that Defendants control and set the terms and conditions of all VHRs' work.
16 This is the hallmark of dependence and control.

17           2.    Skill and Initiative of a Person in Business for Themselves

18     78.    Plaintiffs, like all other VHRs, do not exercise the skill and initiative of a person in
19 business for themselves. While some skill is required to offer hearing recorder services, Plaintiffs and
20 Class Members do not operate their own enterprise or exercise any business management skills.
21 Instead, VHRs simply accept work orders from Defendants, inclusively, and conduct their work in the
22 manner prescribed.

23     79.    VHRs do not actively participate in any effort to increase their own client base, enhance
24 their "business's" goodwill, or establish additional contracting possibilities. The scope of a VHR's
25 initiative is restricted to decisions involving when to work (within Defendants' guidelines) which is
26 consistent with the status of an employee opposed to an independent contractor.

27           3.    Relative Investment

28     80.    Plaintiffs' relative investment is minor when compared to the investment made by

- 13 -

Defendants. Plaintiffs, like all other VHRs, make no capital investment in developing an independent business to offer hearing recorder services, contracting with third-parties, maintaining a website to solicit business, etc. Defendants provide all investment and risk capital.

81.     VHRs' investments are limited to their own skill, experience, and education, which is similar for all skilled employee. Indeed, the Master Agreement specifically prohibits Plaintiffs and members of the class from conducting activities normally associated with a business providing hearing recorder services, such as soliciting hearing recorder services to the general public.

### 4.     Opportunity for Profit and Loss

82.     Defendants, not Plaintiffs, manage all aspects of the business operation including soliciting business, entering into contracts with clients, ensuring that there is adequate staffing to cover their outstanding contracts, collecting revenue, and paying invoices. Defendants, not the VHRs, take the true business risks of maintaining a hearing recorder service business.

83.     Plaintiffs, and other class members, do not control any of the key determinants of profit and loss of a successful enterprise. Specifically, Plaintiffs are not responsible for any aspect of the enterprises' on-going business risk. For example, Defendants, not the VHRs, are responsible for determining what hearing recorder service contracts to take, how much to charge Defendants' clients, and what to pay the VHRs. Defendants are the only party in privity with the ultimate consumer and negotiate any obligations owed to the consumer. Should a VHRs fail to provide a service in the manner required, it is Defendants who are contractually liable.

84.     Plaintiffs and the Class risk nothing except their time and wages, commensurate with any employee/employer relationship. Individual VHRs do not concern themselves with the finances of the company, their only concern to continue to receive a paycheck.

### 5.     Integral Part of Employer's Business

85.     Axiomatically, Verbatim Hearing Recorders are an integral party of Defendants' business which provides hearing recorder services. The continued success of Defendants' business inherently depends to an appreciable degree upon the employment of VHRs.

86.     The foregoing demonstrates that VHRs in the Class, like Plaintiffs, are economically dependent on Defendants and subject to significant control by Defendants. Therefore, Plaintiffs were

- 14 -

1  misclassified as independent contractors and should have been paid minimum wages, overtime wages,

2  provided meal and rest breaks, and indemnified for any work related expenses and otherwise been

3  afforded all rights and benefits of an employee under federal and state wage and hour laws.

4        87.     Defendants' misclassification of VHRs like Plaintiffs was willful. Defendants knew or

5  should have known that Plaintiffs and the other VHRs performing the same job functions were

6  improperly misclassified as independent contractors.

7        **B.    Defendants failed to Record their VHRs' Time Records**

8        88.     Defendants did not accurately record the number of hours that each VHRs worked

9  during the relevant time period. Actually, Defendants kept no time records for Plaintiffs and members

10  of the Class.

11        89.     Because Defendants intentionally failed to record the VHRs' recorded work time,

12  Defendants' compensation system failed to properly account and properly compensate VHRs for all

13  time worked, including their overtime hours, Additionally, Defendants did not provide its VHRs with

14  an accurate list of the hours worked, and the rates associated with these hours, on their paystubs. This

15  is a violation of Cal. Lab. Code § 226, which requires that the employer provide accurate wage

16  statements.

17        **C.    Defendants Failed to Pay Plaintiffs the Statutory Minimum Wage**

18        90.     Plaintiffs and each member of the Class were employees of Defendants under the FLSA

19  and applicable state wage and hour laws. Both federal and state law require that Defendants pay

20  Plaintiffs and each member of the Class a statutory minimum wage per hour worked. The federal and

21  state minimum wage provisions may not be waived by contract.

22        91.     Defendants paid its VHRs on using a per-hearing formula (that is when they were paid).

23  Plaintiffs and members of the Class could be paid as little as twenty (20) dollars per hearing. However,

24  preparing transcripts and records for these hearings could take in excess of three or four hours (work

25  time accrued both at the hearing and after the hearing, preparing the transcript). At this rate, Plaintiffs

26  and members of the Class were often paid less than the federally and state mandated minimum wage.

27        **D.    Failure to Pay Overtime Wages**

28        92.     Another result of Defendants' per-hearing pay scale is that Defendants do not pay

- 15 -

CLASS ACTION COMPLAINT

1    VHRs premium overtime wages.

2        93.    Under the FLSA, employees who work more than forty (40) hours in a work week are

3    entitled to at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C.

4    § 207.

5        94.    Similarly, under California law, employees are entitled to:

6    •   compensation at the rate of one and one-half times their regular rate of pay for all hours worked

7        in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of

8        forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th)

9        consecutive day or a workweek; and

10   •   to compensation at the rate of twice their regular rate of pay for all hours worked in excess of

11       twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th)

12       consecutive day of work in a workweek.

13   Labor Code §§ 510 and 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 3(A)

14       95.    During the relevant time period, Plaintiffs and the Class would worked in excess of

15   eight (8) hours in a workday, and/or in excess of forty (40) hours in a workweek traveling to and from

16   hearing locations, transcribing hearings, and preparing transcripts and records.

17       96.    As a result of Defendants' policies, Plaintiffs and all other VHRs were deprived of pay

18   for compensable time worked, including overtime. Plaintiffs are entitled to unpaid, statutory penalties,

19   and interest associated with outstanding overtime premiums.

20       **E.    Meal and Rest Break Violations**

21       97.    Defendants are required to provide each of their VHRs at least one unpaid meal period

22   for each period for every five (5) hours worked, or a rest period for each four (4) hour period worked,

23   or major fraction thereof. However, in reality, Defendants' scheduling often required ADRs to work

24   through unpaid meal periods and paid rest periods.

25       98.    Under the federal law, in order to deduct an unpaid meal period from an employees'

26   compensable time, an employee must be completely relieved of his or her employment duties for the

27   entire lunch break. 29 CFR 785.19(a) states:

28       Bona fide meal periods. Bona fide meal periods are not work time. Bona fide meal

- 16 -

CLASS ACTION COMPLAINT

periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be *completely relieved* from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating. (emphasis added).

Defendants did not provide their Agents with a legitimate bona fide meal period.

99.     Under California law, employers must provide a meal period of at least 30 minutes for every five (5) hours worked:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Cal. Lab. Code § 512(a).   Furthermore, the applicable Industrial Welfare Commission Wage Order states that an employee is also entitled to a ten (10) minute break for each four (4) hour period, or major fraction thereof, worked.

100.     Defendants failed to provide their Agents with a 30-minute meal period for every five (5) hours worked, or a rest period for each four (4) hour period worked.  This is because Defendants would often schedule their VHRs to multiple consecutive hearing, without any relief or break. The result was that VHRs were not able to take any breaks during their work day. Accordingly, Plaintiffs and the Class are entitled to one additional hour of compensation per workday for a missed meal and rest period.

**F.      Failure to Pay Wages in a Timely Manner**

101.     Generally, wages are due and payable twice during each calendar month. Labor Code § 204(a). Generally, "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." *Id.* Additionally, an employee who is discharged must be paid all of his or her wages, immediately at the time of termination. Labor

- 17 -

CLASS ACTION COMPLAINT

1    Code §§ 201 and 227.3.[2]

2        102.    Similarly, Overtime wages must be paid no later than the payday for the next regular

3    payroll period following the payroll period in which the overtime wages were earned. *Id.* Pay periods,

4    and pay days, should be conspicuously posted by the employer. Labor Code § 207.

5        103.    Defendants failed to pay their VHRs according to any regular pay schedule. Instead,

6    Plaintiffs and the Class were told that they would be paid sixty (60) days following the hearing in

7    which they earn their wages. This system violates California labor law, which required each VHRs to

8    receive bimonthly paychecks, and be paid within ten (10) calendar days of the end of the pay period.

9    Additionally, to the extent that Defendants terminated their relationship with VHRs, Defendants did

10   not issue the final paycheck on the date of termination.

11       104.    Accordingly, Plaintiffs and the Class are entitled to any unpaid wages, accrued interest,

12   and waiting time penalties associated with Defendants' late payroll.

13       **G.    Failure to Indemnify Employees' Expenses and Losses**

14       105.    Employers must reimburse employees for reasonable business for all necessary

15   expenditures or losses incurred by the employee in carrying out job duties or employer directives.

16   Labor Code § 2802(a). This includes reimbursement for work-required use of employees' own

17   automobiles.

18       106.    It is Defendants' standing policy not to indemnify Plaintiffs and the Class for any

19   expenditures or losses incurred as a result of their employment. Accordingly, Plaintiffs and the Class

20   were not fully reimbursed for the expenditures and losses incurred for Defendants' benefit.

21       107.    Defendants also maintained a policy of refusing to pay their VHRs for any work

22   product they deemed unsatisfactory. Such deductions are not allowed under California law. It is

23   unlawful for any employer to withhold or divert any portion of an employee's wages unless: (1) when

24   required or empowered to do so by state or federal law, or (2) when a deduction is expressly authorized

25   in writing by the employee to cover insurance premiums, benefit plan contributions or other deductions

26

27   ─────────────────────

28   [2] Alternatively, employers can establish weekly, biweekly, or semimonthly payroll if the wages
     are paid not more than seven (7) calendar days following the close of the payroll period. Labor Code
     § 204(d).

- 18 -

CLASS ACTION COMPLAINT

1  not amounting to a rebate on the employee's wages, or (3) when a deduction to cover health, welfare,

2  or pension contributions is expressly authorized by a wage or collective bargaining agreement. Labor

3  Code §§ 221-224.

4      108.    Defendants are not allowed to deduct wages simply because the Defendants are

5  displeased with the work product provided. Accordingly, Plaintiffs and the Class are owed

6  reimbursement of all business related expenses and repayment of any unlawfully deducted wages.

7      **H.    Breach of Contract**

8      109.    Even if the Court determines that Plaintiffs and members of the Class are not

9  employees, Defendants still refuse to abide by the terms of the Master Agreement. Under the express

10  terms of the Master Agreement, Plaintiffs and the Class are entitled to compensation within 60 days.

11      110.    However, Defendants often fail to pay within this generous payment term. Indeed, job

12  review website, like Glassdoor.com (https://www.glassdoor.com/Reviews/Carmazzi-Global-

13  Solutions-Reviews-E953076_P2.htm) and Indeed.com (https://www.indeed.com/cmp/Carmazzi-

14  Global-Solutions/reviews), are filled with individuals complaining that they have not been paid.

15  **VI.    FLSA COLLECTIVE ACTION ALLEGATIONS**

16      111.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own

17  behalf and on behalf of:

18      All current and former VHRs who worked for any Defendants at any time from
         September 24, 2015 through judgment.
19

20  (hereinafter referred to as the "FLSA Collective"). Plaintiffs reserve the right to amend this
    definition if necessary.
21
        112.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate
22
    Plaintiffs and other similarly situated Agents.
23
        113.    Excluded from the proposed FLSA Collective are Defendants' executives,
24
    administrative and professional employees, including computer professionals and outside sales
25
    persons.
26
        114.    Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members
27
    of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40
28

- 19 -

CLASS ACTION COMPLAINT

1   hours in a workweek.

2       115.   All of the work that Plaintiffs and the FLSA Collective members performed was

3   assigned by Defendants, and/or Defendants were aware of all of the work that Plaintiffs and the FLSA

4   Collective members performed.

5       116.   As part of its regular business practice, Defendants intentionally, willfully, and

6   repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs

7   and the FLSA Collective members. This policy and pattern or practice includes, but is not limited to:

8           a.   willfully failing to pay its employees, including Plaintiffs and the FLSA
         Collective, for all hours worked including premium overtime wages for all
9            hours worked in excess of 40 hours per workweek; and

10           b.   willfully failing to accurately record all of the time that its employees, including
11            Plaintiffs and the FLSA Collective, worked for Defendants' benefit.

12       117.   Defendants are aware or should have been aware that federal law required them to pay

13   Plaintiffs and the FLSA Collective overtime premiums for all hours worked in excess of 40 per

14   workweek.

15       118.   Defendants failed to properly maintain timekeeping and payroll records pertaining to

16   the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

17       119.   Defendants' unlawful conduct was widespread, repeated, and consistent.

18       120.   A collective action under the FLSA is appropriate because the employees described

19   above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of

20   whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are

21   employed in the same or similar positions; (b) they were or are performing the same or similar job

22   duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d)

23   their claims are based upon the same factual and legal theories.

24       121.   The employment relationships between Defendants and every proposed FLSA

25   Collective member are the same and differ only by name, location, and rate of pay. The key issues –

26   the amount of uncompensated off-the-clock work owed to each employee – does not vary substantially

27   among the proposed FLSA Collective members.

28       122.   There are many similarly situated current and former Agents who were underpaid in

CLASS ACTION COMPLAINT

1  violation of the FLSA who would benefit from the issuance of a court-authorized notice of this lawsuit

2  and the opportunity to join it.

3       123.    Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

4       124.    Those similarly situated employees are known to Defendants, are readily identifiable,

5  and can be located through Defendants' records.

6       125.    Plaintiffs estimate the proposed FLSA Collective, including both current and former

7  employees over the relevant period will include several hundreds, if not thousands, of workers. The

8  precise number of FLSA Collective members should be readily available from a review of Defendants'

9  personnel and payroll records.

10  **VII.**    **CLASS ALLEGATIONS**

11       126.    Plaintiffs bring this action as a class action pursuant to California Code of Civil § 382

12  for the following Classes of persons:

13      **National Class**
    All individuals who have worked for Defendants as a VHR at any time on or after the
14      date four years before the filing of this action.

15      **California Subclass**
    All individuals who have worked in California for Defendants as a VHR at any time
16      during the relevant statue of limitation

17      **Michigan Subclass**
    All individuals who have worked in Michigan for Defendants as a VHR at any time
18      during the relevant statue of limitation

19      **Florida Subclass**
    All individuals who have worked in Florida for Defendants as a VHR at any time during
20      the relevant statue of limitation

21      **South Carolina Subclass**
    All individuals who have worked in South Carolina for Defendants as a VHR at any
22      time during the relevant statue of limitation

23      **Maryland Subclass**
    All individuals who have worked in Maryland for Defendants as a VHR at any time
24      during the relevant statue of limitation

25  Excluded from the Class are all legal entities, Defendant herein and any person, firm, trust,

26  corporation, or other entity related to or affiliated with Defendant, as well as any judge, justice or

27  judicial officer presiding over this matter and members of their immediate families and judicial staff.

28       127.    The names and addresses of the individuals who comprise the FLSA Collective are

- 21 -

1    available from Defendants. Accordingly, Plaintiffs herein request an Order requiring Defendants to

2    provide the names and all available locating information for all members of the FLSA Collective, so

3    that notice can be provided regarding the pendency of this action, and of such individuals' right to opt-

4    in to this action as party plaintiffs.

5         128.    Numerosity. Defendants have employed hundreds of individuals as VHRs during the

6    relevant time periods.

7         129.    Existence and Predominance of Common Questions. Common questions of law and/or

8    fact exist as to the members of the proposed classes and, in addition, common questions of law and/or

9    fact predominate over questions affecting only individual members of the proposed classes. The

10   common questions include the following:

11        a.    Whether Defendants employed the Plaintiffs and Class Members within the

12   meaning of the FLSA;

13        b.    Whether Defendants employed the Plaintiffs and Class Members pursuant to

14   California law;

15        c.    Whether the Master Agreement is governed by California law;

16        d.    Whether Defendants willfully misclassified Plaintiffs and the Class Members

17   as independent contractors for purposes of the FLSA and California labor law;

18        e.    Whether Defendants failed to pay Plaintiffs and the Class Members in a timely

19   manner pursuant to the terms of the Master Agreement;

20        f.    Whether Defendants failed to pay Plaintiffs and the Class Members in a timely

21   manner under the FLSA and applicable labor codes;

22        g.    Whether Defendants failed to maintain accurate time and employment records

23   within the meaning of the FLSA and California law;

24        h.    Whether Defendants failed to pay overtime premium wages due to Plaintiffs

25   and the Class Members;

26        i.    Whether Defendants failed to pay rest period wages and premium wages due to

27   Plaintiffs and the Class Members;

28        j.    Whether Defendants failed to pay meal period premium wages due to Plaintiffs

- 22 -

1    and the Class Members;

2          k.      Whether Defendants failed to provide accurate itemized wage statements to

3    Plaintiffs and the Class Members;

4          l.      Whether Defendants made unlawful deductions from Plaintiffs' and the Class

5    Members' wages;

6          m.      Whether Defendants failed to provide indemnify Plaintiffs and the Class

7    Members for business expenses;

8          n.      Whether Defendants' actions were unlawful or unfair under California Business

9    and Professional Code, section 17200 *et seq.*,

10         o.      Whether injunctive relief, restitution, and other equitable remedies, and

11   penalties are warranted;

12         p.      The amount of damages owed by Defendants; and

13         q.      Whether Defendants are liable for costs and attorneys' fees.

14         130.    Typicality. Plaintiffs' claims are typical of the claims of the proposed classes.

15   Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and

16   the proposed classes to sustain the same or similar injuries and damages. Plaintiffs' claims are

17   therefore representative of and co-extensive with the claims of the proposed classes.

18         131.    Adequacy. Plaintiffs are adequate representatives of the proposed classes because their

19   interests do not conflict with the interests of the members of the classes they seek to represent.

20   Plaintiffs have retained counsel competent and experienced in complex class action litigation and

21   Plaintiffs intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and

22   adequately protect the interests of members of the proposed classes.

23         132.    Superiority. The class action is superior to other available means for the fair and

24   efficient adjudication of this dispute. The injury suffered by each member of the proposed classes,

25   while meaningful on an individual basis, is of such magnitude as to make the prosecution of individual

26   actions against Defendants economically infeasible. Individualized litigation increases the delay and

27   expense to all parties and the court system presented by the legal and factual issues of the case. By

28   contrast, the class action device presents far fewer management difficulties and provides the benefits

- 23 -

CLASS ACTION COMPLAINT

1    of single adjudication, economies of scale, and comprehensive supervision by a single court.

2        133.    In the alternative, the proposed classes may be certified because the prosecution of

3    separate actions by the individual members of the proposed classes would create a risk of inconsistent

4    or varying adjudication with respect to individual members of the proposed classes that would

5    establish incompatible standards of conduct for Defendants; and Defendants have acted and/or refused

6    to act on grounds generally applicable to the proposed classes, thereby making appropriate final and

7    injunctive relief with respect to members of the proposed classes as a whole.

8                                    **FIRST CAUSE OF ACTION**
                           **VIOLATION OF FLSA, 29 U.S.C. § 201,** *et seq.*
9                      **FAILURE TO PAY MINIMUM AND OVERTIME WAGES**
                                **(On Behalf of the FLSA Collective)**
10
       134.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding
11
     paragraphs of this Complaint.
12
       135.    At all times relevant to this action, Defendant was engaged in interstate commerce, or
13
     in the production of goods for commerce, as defined by the FLSA.
14
       136.    At all times relevant to this action, Plaintiffs were "employees" of Defendant within the
15
     meaning of 29 U.S.C. § 203(e)(1) of the FLSA.
16
       137.    Plaintiffs and the FLSA Collective members, by virtue of their job duties and activities
17
     actually performed, are all non-exempt employees.
18
       138.    Defendant is not "retail or service establishments" as defined by 29 U.S.C. § 213(a)(2)
19
     of the FLSA.
20
       139.    At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs and all
21
     similarly situated current and former employees to work and thus "employed" them within the meaning
22
     of 29 U.S.C. § 203(g) of the FLSA.
23
       140.    At all times relevant to this action, Defendant required Plaintiffs and the FLSA
24
     Collective members to perform work, but failed to pay these employees the federally mandated
25
     minimum wage or overtime compensation for this work.
26
       141.    The work performed every shift by Plaintiffs and the FLSA Collective members is an
27
     essential part of their jobs and these activities and the time associated with these activities is not *de*
28

                                            - 24 -

     CLASS ACTION COMPLAINT

*minimis.*

142.   In workweeks where Plaintiffs and other FLSA Collective members worked, Plaintiffs and other FLSA Collective members did not receive compensation above the federally required minimum wage.

143.   In workweeks where Plaintiffs and other FLSA Collective members worked 40 hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage.

144.   Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have determined how long it took for their Agents to perform their work. Further, Defendant could have easily accounted for and properly compensated Plaintiffs and the FLSA Collective for these work activities, but did not.

145.   The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

### SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
**(On Behalf of the California Class)**

146.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

147.   Plaintiffs and the other VHRs entered into the Master Agreement with Defendant.

148.   Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California as such law are applied to agreements entered into and performed entirely within the State of California between California residents...

Accordingly, Defendants have contracted that California law is incorporated into and should apply to the Master Agreement.

149.   Regardless of Plaintiffs' and the other VHRs' employment status, Defendants agreed to pay Plaintiffs and the other VHRs on a per hearing basis subject to a sixty (60) day payment term.

150.   Defendant failed to pay the amount due under the Master Agreement to Plaintiffs and the other VHRs within the proscribed sixty (60) day payment term.

- 25 -

151.   By reason of said breach, Plaintiffs and the National Class sustained damages in the form of monetary losses. Accordingly, Plaintiffs and the National Class seek any payment of any unpaid invoices, and interest raising from any unjustified late payments.

**THIRD CAUSE OF ACTION**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
**(On Behalf of the National Class)**

152.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

153.   Plaintiffs and the other VHRs entered into the Master Agreement with Defendant.

154.   Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California as such law are applied to agreements entered into and performed entirely within the State of California between California residents…

Accordingly, Defendants have contracted that California law is incorporated into and should apply to the Master Agreement.

155.   The contractual relationship between the parties included an implied covenant of good faith and fair dealing, which required the parties to act with fairness toward the other and to refrain from any action that would prevent any party from realizing the potential benefits of the Master Agreement.

156.   Regardless of Plaintiffs' and the other VHRs' employment status, Defendants agreed to pay Plaintiffs and the other VHRs on a per hearing basis subject to a sixty (60) day payment term.

157.   Defendants maintained a policy of not paying Plaintiffs and the other VHRs unless the VHRs' work product was acceptable to Defendants' clients and the Defendants' clients had paid their invoices.

158.   Defendants breached the covenant by failing to pay Plaintiffs and the other VHRs according to the proscribed sixty (60) day payment term. To justify the untimely payments, Defendants misrepresented that the VHRs' work product was not acceptable and/or payment status of Defendant's clients' invoices prevented payment. In actuality, these excuses were simply a bid to delay.

159.   By reason of said breach of the covenant of good faith and fair dealing, Plaintiffs and the National Class sustained damages in the form of monetary losses. Accordingly, Plaintiffs and the

- 26 -

1  National Class seek any payment of any unpaid invoices, and interest arising from any unjustified late

2  payments.

3                                  **FOURTH CAUSE OF ACTION**
     **VIOLATION OF CALIFORNIA LABOR CODE §§ 1182.11, 1182.12, 1194,**
4     **AND WAGE ORDER NO. 4 – FAILURE TO PAY MINIMUM WAGE**
        **(On Behalf of the National Class, or alternatively the California Class)**

5
      160.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding
6
   paragraphs of this Complaint.
7
      161.    Defendants' Master Agreement states:
8
      Governing Law. This agreement shall be governed by the laws of the state of California
9     as such law are applied to agreements entered into and performed entirely within the
      State of California between California residents...
10
   Accordingly, Defendants have contracted that California law is incorporated into and should apply to
11
   the Master Agreement.
12
      162.    Individuals are permitted to choose the law which will apply to their contracts, and
13
   employers are able to provide their employees benefits that exceed those provided under their own
14
   states' labor code.
15
      163.    Here, Defendants expressly agreed that the VHRs agreement should be governed under
16
   the laws of the state of California, and that VHRs should have all the rights and benefits applicable to
17
   agreements entered into and performed entirely within the State of California between California
18
   residents. This includes the California Labor Code. Accordingly, Plaintiffs bring this cause of action
19
   on behalf of the National Class.
20
      164.    Should the Court find that California law does not govern the claims of out-of-state
21
   VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California
22
   Subclass.
23
      165.    At all times relevant to this complaint, Labor Code §§ 1182.11, 1182.12 provide for
24
   the minimum wage that should be paid for all hours worked, irrespective of if an employee was
25
   normally paid on an hourly, piece rate, or other basis. This minimum wage was $9.00 per hour starting
26
   in July 1, 2014, $10.00 per hour starting in January 1, 2016, $10.50 per hour starting in January 1,
27
   2017, and 11.00 per hour starting in January 1, 2018.
28

- 27 -

166. Defendants failed to pay Plaintiffs and the National Class for all hours worked at the statutory minimum wage rate, as required by law and the Master Agreement, including for the time that VHRs worked at the hearing and after the hearing, preparing the transcript.

167. Plaintiffs are informed and believe Defendants did not properly maintain records pertaining to when Plaintiffs and the National Class members began and ended each shift, in violation of Labor Code §1174 and Wage Order § 7(A).

168. Defendants intentionally, maliciously, fraudulently and with the intent to deprive the Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying the statutory minimum wage rate by reducing the rate of pay to Plaintiffs and other Class members who worked overtime hours.

169. Plaintiffs and the National Class were entitled to receive compensation at the minimum wage rate for all hours worked. Defendant's failure to pay lawful statutory minimum wages, as alleged above, was a willful violation of Labor Code §§ 1182.11, 1182.12, 1198, and Wage Order.

170. Wherefore, Plaintiffs demand payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as minimum wages owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198**
**AND WAGE ORDER NO. 4 – FAILURE TO PAY OVERTIME**
**(On Behalf of the National Class, or alternatively the California Subclass)**

171. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

172. Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California as such law are applied to agreements entered into and performed entirely within the State of California between California residents…

Accordingly, Defendants have contracted that California law is incorporated into and should apply to the Master Agreement.

173. Individuals are permitted to choose the law which will apply to their contracts, and employers are able to provide their employees benefits that exceed those provided under their own

- 28 -

1  states' labor code.

2      174.   Here, Defendants expressly agreed that the VHRs agreement should be governed under

3  the laws of the state of California, and that VHRs should have all the rights and benefits applicable to

4  agreements entered into and performed entirely within the State of California between California

5  residents. This includes the California Labor Code. Accordingly, Plaintiffs bring this cause of action

6  on behalf of the National Class.

7      175.   Should the Court find that California law does not govern the claims of out-of-state

8  VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California

9  Subclass.

10     176.   At all relevant times, Defendants regularly and consistently maintained corporate

11 policies and procedures designed to reduce labor costs by misclassifying their employees, therefore

12 reducing or minimizing the amount of compensation paid to its employees, especially overtime

13 compensation.

14     177.   At all relevant times, Plaintiffs and the National Class regularly performed non-exempt

15 work and were thus subject to the overtime requirements of California law.

16     178.   Labor Code §§ 510 and 1198 and Wage Order § 3(A) provide that: (a) employees are

17 entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours

18 worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of

19 forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive

20 day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular

21 rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8)

22 hours on the seventh (7th) consecutive day of work in a workweek.

23     179.   At all relevant times, Plaintiffs and the Class regularly worked in excess of eight (8) hours

24 in a workday and/or in excess of forty (40) hours in a workweek.

25     180.   At all relevant times, Defendants failed and refused to pay Plaintiffs and the Class

26 members for any and all hours actually worked in excess of the scheduled shift.

27     181.   Plaintiffs are informed and believe Defendants did not properly maintain records

28 pertaining to when Plaintiffs and the National Class members began and ended each shift, in violation

- 29 -

CLASS ACTION COMPLAINT

1    of Labor Code §1174 and Wage Order § 7(A).

2        182.    Defendants intentionally, maliciously, fraudulently and with the intent to deprive the Class

3    of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a

4    scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiffs and other Class

5    members who worked overtime hours.

6        183.    Plaintiffs and the Class were entitled to receive overtime compensation at their lawful

7    regular rate of pay, including the differential where applicable. Defendant's failure to pay lawful

8    premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and

9    Wage Order.

10       184.    Wherefore, Plaintiffs demand payment of the unpaid balance of the full amount of

11   wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon,

12   penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512**
**FAILURE TO PROVIDE MEAL AND REST BREAKS**
**(On Behalf of the National Class, or alternatively the California Subclass)**

15
16       185.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding

paragraphs of this Complaint.

17
18       186.    Defendants' Master Agreement states:

19       Governing Law. This agreement shall be governed by the laws of the state of California
         as such law are applied to agreements entered into and performed entirely within the
20       State of California between California residents...

21   Accordingly, Defendants have contracted that California law is incorporated into and should apply to

22   the Master Agreement.

23       187.    Individuals are permitted to choose the law which will apply to their contracts, and

24   employers are able to provide their employees benefits that exceed those provided under their own

25   states' labor code.

26       188.    Here, Defendants expressly agreed that the VHRs agreement should be governed under

27   the laws of the state of California, and that VHRs should have all the rights and benefits applicable to

28   agreements entered into and performed entirely within the State of California between California

- 30 -

CLASS ACTION COMPLAINT

1    residents. This includes the California Labor Code.  Accordingly, Plaintiffs bring this cause of action
2    on behalf of the National Class.

3         189.    Should the Court find that California law does not govern the claims of out-of-state
4    VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California
5    Subclass.

6         190.    Labor Code § 512, and Wage Order § 11(A) and (B) provide that an employer may not
7    employ a person for a work period of more than five (5) hours without providing the employee with a
8    meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of
9    more than ten (10) hours per day without providing the employee with a second meal period of not
10    less than (30) minutes.

11         191.    Additionally, Defendants were required to provide a rest period of ten (10) minute
12    break for each four (4) hour period, or major fraction thereof, worked.

13         192.    At all relevant times, Plaintiffs and the National Class consistently worked in excess of
14    five (5), and sometimes more than ten (10), hours in a day.

15         193.    At all relevant times, Defendants regularly required employees to perform work during
16    their first and/or second meal periods, without proper compensation.  Further, Defendants did not
17    provide rest breaks as is required by California law.  Defendants' practice of requiring employees to
18    perform work during their legally mandated meal and rest periods without premium compensation is
19    a violation of Labor Code §§ 226.7 and 512, and Wage Order.

20         194.    Defendants purposefully elected not to provide meal and rest periods to Plaintiffs and
21    National Class members, and Defendants acted willfully, oppressively, and in conscious disregard of
22    the rights of Plaintiffs and the National Class members in failing to do so.

23         195.    Plaintiffs are informed and believe Defendants did not properly maintain records
24    pertaining to when Plaintiffs and the National Class members began and ended each meal period, in
25    violation of Labor Code §1174 and Wage Order § 7(A).

26         196.    As a result of Defendants' knowing, willful, and intentional failure to provide meal and
27    rest breaks, Plaintiffs and the National Class members are entitled to recover one (1) additional hour
28    of pay at the employee's regular rate of pay for each work day that a meal and/or rest period was not

CLASS ACTION COMPLAINT

1   provided, pursuant to Labor Code § 226.7 and Wage Order § 11(D), and penalties, reasonable

2   attorneys' fees, and costs pursuant to Labor Code §§ 218.5.

3       197.    Defendants' wrongful and illegal conduct in failing to provide Class members with

4   meal or rest breaks or to provide premium compensation, unless and until enjoined by order of this

5   Court, will continue to cause great and irreparable injury to Plaintiffs and the Class members in that

6   Defendant will continue to violate these laws unless specifically ordered to comply with the same. The

7   expectation of future violations will require current and future employees to repeatedly and

8   continuously seek legal redress in order to gain compensation to which they are already entitled.

9   Plaintiffs and the National Class members have no other adequate remedy at law to insure future

10   compliance with the laws alleged to have been violated.

11       198.    Wherefore, Plaintiffs demand pursuant to Labor Code Section 227.7(b) that Defendants

12   pay each National Class member one additional hour of pay at the Class member's regular rate of

13   compensation for each work day that the meal and/or rest period was not provided.

14                          **SEVENTH CAUSE OF ACTION**
            **VIOLATION OF CALIFORNIA LABOR CODE §§ 221 and 223**

15                             **UNLAWFUL DEDUCTIONS**
      **(On Behalf of the National Class, or alternatively the California Subclass)**

16

17       199.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding

  paragraphs of this Complaint.

18

19       200.    Defendants' Master Agreement states:

20      Governing Law. This agreement shall be governed by the laws of the state of California
     as such law are applied to agreements entered into and performed entirely within the

21      State of California between California residents…

22   Accordingly, Defendants have contracted that California law is incorporated into and should apply to

23   the Master Agreement.

24       201.    Individuals are permitted to choose the law which will apply to their contracts, and

25   employers are able to provide their employees benefits that exceed those provided under their own

  states' labor code.

26

27       202.    Here, Defendants expressly agreed that the VHRs agreement should be governed under

28   the laws of the state of California, and that VHRs should have all the rights and benefits applicable to

1  agreements entered into and performed entirely within the State of California between California

2  residents. This includes the California Labor Code. Accordingly, Plaintiffs bring this cause of action

3  on behalf of the National Class.

4       203.   Should the Court find that California law does not govern the claims of out-of-state

5  VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California

6  Subclass.

7       204.   At all relevant times, Defendants regularly and consistently maintained corporate

8  policies and procedures designed to reduce labor costs by reducing or minimizing the amount of

9  compensation paid to its employees.

10      205.   As more fully set forth above, Defendants made deductions from Plaintiffs' and the

11  National Class members' paychecks.

12      206.   Labor Code § 221 provides it is unlawful for any employer to collect or receive from

13  an employee any part of wages theretofore paid by employer to employee.

14      207.   Labor Code § 223 provides that where any statute or contract requires an employer to

15  maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting

16  to pay the wage designated by statute or by contract. Labor Code section 225 further provides that the

17  violation of any provision of Labor Code §§ 221 and 223 is a misdemeanor.

18      208.   As a result of the conduct alleged above, Defendants unlawfully collected or received

19  from Plaintiffs and the National Class part of the wages paid to their employees.

20      209.   Wherefore, Plaintiffs demand the return of all wages unlawfully deducted from the

21  paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant

22  to Labor Code §§ 225.5 and 1194.

23                          **EIGHTH CAUSE OF ACTION**
                   **VIOLATION OF CALIFORNIA LABOR CODE § 2802**
24        **FAILURE TO INDEMNIFY EMPLOYEES' EXPENSES AND LOSSES**
           **(On Behalf of the National Class, or alternatively the California Subclass)**
25
26      210.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding

   paragraphs of this Complaint.
27
        211.   Defendants' Master Agreement states:
28
                                     - 33 -

CLASS ACTION COMPLAINT

1    Governing Law. This agreement shall be governed by the laws of the state of California
     as such law are applied to agreements entered into and performed entirely within the
2    State of California between California residents...

3    Accordingly, Defendants have contracted that California law is incorporated into and should apply to

4    the Master Agreement.

5         212.    Individuals are permitted to choose the law which will apply to their contracts, and

6    employers are able to provide their employees benefits that exceed those provided under their own

7    states' labor code.

8         213.    Here, Defendants expressly agreed that the VHRs agreement should be governed under

9    the laws of the state of California, and that VHRs should have all the rights and benefits applicable to

10   agreements entered into and performed entirely within the State of California between California

11   residents. This includes the California Labor Code. Accordingly, Plaintiffs bring this cause of action

12   on behalf of the National Class.

13        214.    Should the Court find that California law does not govern the claims of out-of-state

14   VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California

15   Subclass.

16        215.    California Labor Code § 2802 provides that an employer shall indemnify his or her

17   employee for all necessary expenditures or losses incurred by the employee in direct consequence of

18   the discharge of his or her duties.

19        216.    As more fully set forth above, Defendants knowingly and willfully violated California

20   Labor Code § 2802 by failing to pay Plaintiffs and members of the National Class all expenses and

21   losses owed as alleged. Defendants are therefore liable to Plaintiffs and members of the National

22   Class for expenses and losses incurred in direct consequence of the discharge of their employment

23   duties.

24        217.    Plaintiffs, individually and on behalf of the members of the National Class, respectfully

25   request that the Court award all expenses and losses due, and the relief requested below in the Prayer

26   for Relief.

27

28

- 34 -

CLASS ACTION COMPLAINT

**NINTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE § 226 and 1174**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**(On Behalf of the National Class, or alternatively the California Subclass)**

218.  Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

219.  Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California as such law are applied to agreements entered into and performed entirely within the State of California between California residents...

Accordingly, Defendants have contracted that California law is incorporated into and should apply to the Master Agreement.

220.  Individuals are permitted to choose the law which will apply to their contracts, and employers are able to provide their employees benefits that exceed those provided under their own states' labor code.

221.  Here, Defendants expressly agreed that the VHRs agreement should be governed under the laws of the state of California, and that VHRs should have all the rights and benefits applicable to agreements entered into and performed entirely within the State of California between California residents. This includes the California Labor Code. Accordingly, Plaintiffs bring this cause of action on behalf of the National Class.

222.  Should the Court find that California law does not govern the claims of out-of-state VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California Subclass.

223.  Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing the total hours worked, and the applicable hourly rates and corresponding total number of hours worked.

224.  At all relevant times, Defendants failed to maintain proper records and furnish Plaintiffs and the National Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

- 35 -

225.    At all relevant times, Defendants failed to furnish Plaintiffs and the National Class members with accurate wage statements in writing, showing: (1) gross wages earned; (2) total hours worked by each respective employee; (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her social security number or an employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

226.    Plaintiffs are informed and believe that Defendants knew or should have known that Plaintiffs and the Class members were entitled to receive wage statements compliant with Labor Code § 226 and 1174, and that Defendants willfully and intentionally failed to provide Plaintiffs and the Class members with such accurate, itemized statements showing, for example, accurate hours and overtime calculations.

227.    Wherefore Plaintiffs demand that Defendants pay each and every Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

**TENTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, 203, and 256 –**
**WAITING TIME PENALTIES**
**(On Behalf of the National Class, or alternatively the California Subclass)**

228.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

229.    Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California as such law are applied to agreements entered into and performed entirely within the State of California between California residents…

Accordingly, Defendants have contracted that California law is incorporated into and should apply to the Master Agreement.

230.    Individuals are permitted to choose the law which will apply to their contracts, and employers are able to provide their employees benefits that exceed those provided under their own

- 36 -

1  states' labor code.

2      231.    California Labor Code § 201 provides that any discharged employee is entitled to all

3  wages due at the time of discharge.

4      232.    Where an employer willfully fails to pay discharged or quitting employees all wages

5  due as required under the California Labor Code, the employer is liable to such employees under

6  California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation

7  at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

8      233.    As more fully set forth above, Defendants knowingly and willful violated California

9  Labor Code §§ 201 and 202 by failing to pay California Plaintiffs and National Class members in a

10  timely manner, including those who are no longer employed by Defendants. Defendants are therefore

11  liable to National Class members who are no longer employed by Defendants for waiting time

12  penalties as required by California Labor Code § 203.

13
                        **ELEVENTH CAUSE OF ACTION**
                **VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT,**
14              **M.C.L. § 408.11, *et seq*. -- FAILURE TO PAY MINIMUM WAGE**
                **(On Behalf of Plaintiffs O'Leary and Frame and the Michigan Subclass)**
15
       234.    Plaintiffs O'Leary and Frame hereby incorporate by reference the allegations contained
16
    in the preceding paragraphs of this Complaint.
17
       235.    Defendants, Plaintiffs O'Leary and Frame and the Michigan Subclass members are
18
    "employers" and "employees" for the purposes of the Michigan Workforce Opportunity Wage Act
19
    ("WOWA"), MCL § 408.411, *et seq*. Section 404.413 states that an "employer shall not pay any
20
    employee at a rate that is less than prescribed in this act."
21
       236.    Thus, all putative Michigan Subclass members are entitled a minimum wage pursuant
22
    to Michigan's wage and hour laws. WOWA § 408.414.
23
       237.    In situations where an employee is subject to both the state and federal minimum wage
24
    laws, the employee is entitled to the higher of the two minimum wage rates.
25
       238.    Defendants violated Michigan law, including WOWA § §408.414 and 404.413, by
26
    regularly and repeatedly failing to compensate Plaintiffs O'Leary and Frame and the Michigan
27
    Subclass at the appropriate overtime wage premium as described in this Complaint. As a result,
28
                                        - 37 -

Plaintiffs O'Leary and Frame and the Michigan Subclass have and will continue to suffer loss of income and other damages. Accordingly, Plaintiffs O'Leary and Frame and the Michigan Subclass are entitled to recover unpaid wages owed, plus all damages, fees and costs, available under WOWA, MCL § 408.411, *et seq.*

**TWELFTH CAUSE OF ACTION**
**VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT,**
**M.C.L. § 408.11, *et seq.* -- FAILURE TO PAY OVERTIME WAGE**
**(On Behalf of Plaintiffs O'Leary and Frame and the Michigan Subclass)**

239.    Plaintiffs O'Leary and Frame hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

240.    Defendants, Plaintiffs O'Leary and Frame and the Michigan Subclass members are "employers" and "employees" for the purposes of the WOWA. MCL § 408.411, *et seq.* Section 404.414a states that an "an employee shall receive compensation at not less than 1-1/2 times the regular rate at which the employee is employed for employment in a workweek in excess of 40 hours."

241.    Thus, all putative Michigan Subclass members are entitled their over mine wages pursuant to Michigan's wage and hour laws. WOWA §§ 408.413 and 408.414da

242.    Defendants violated Michigan law, including WOWA §§ 408.414a by regularly and repeatedly failing to compensate Plaintiffs O'Leary and Frame and the Michigan Subclass at the appropriate minimum wage as described in this Complaint. As a result, Plaintiffs O'Leary and Frame and the Michigan Subclass have and will continue to suffer loss of income and other damages. Accordingly, Plaintiffs O'Leary and Frame and the Michigan Subclass are entitled to recover unpaid wages owed, plus all damages, fees and costs, available under WOWA, MCL § 408.411, *et seq.*

**THIRTEENTH CAUSE OF ACTION**
**VIOLATION OF FLORIDA CONSTITUTION, Art. X, Sec. 24(c)**
**FAILURE TO PAY MINIMUM WAGE**
**(On Behalf of Plaintiff Sitterson and the Florida Subclass)**

243.    Plaintiff Sitterson hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

244.    Defendants, Plaintiff Sitterson and the Florida Subclass members are "employers" and "employees" for the purposes of the Florida Constitution, Art. X, Sec. 24(b) (mirroring the definitions under the FLSA). The Florida Constitution, Art. X, Sec. 24(c) states that an "[e]mployers shall pay

- 38 -

1    Employees Wages no less than the Minimum Wage for all hours worked in Florida."

2         245.    Thus, all putative Florida Subclass members are entitled a minimum wage pursuant to

3    Michigan's wage and hour laws.

4         246.    Defendants violated Florida law, including Florida Constitution, Art. X, Sec. 24, by

5    regularly and repeatedly failing to compensate Plaintiff Sitterson and the Florida Subclass at the

6    appropriate minimum wage as described in this Complaint. As a result, Plaintiff Sitterson and the

7    Florida Subclass have and will continue to suffer loss of income and other damages. Accordingly,

8    Plaintiff Sitterson and the Florida Class are entitled to recover unpaid wages owed, plus all liquidated

9    damages, fees and costs, available under WOWA, Florida Constitution, Art. X, Sec. 24(e).

10                        **FOURTEENTH CAUSE OF ACTION**
                 **VIOLATION OF THE PAYMENT OF WAGES ACT,**
11            **Code 1976 §§ 41-10-40,** *et seq.* **-- FAILURE TO PAY WAGES**
             **(On Behalf of Plaintiff Naufel and the South Carolina Subclass)**
12
          247.    Plaintiff Naufel hereby incorporate by reference the allegations contained in the
13
     preceding paragraphs of this Complaint.
14
          248.    South Carolina has no statutory minimum wage, or overtime provisions.  However,
15
     employers are still subject to the FLSA.
16
          249.    Under South Carolina's Payment of Wages Act, employers may pay all wages due
17
     within the agreed upon time period. Code 1976 §§ 41-10-30(A) & 41-10-40(D).
18
          250.    "An employer shall not withhold or divert any portion of an employee's wages unless
19
     the employer is required or permitted to do so by state or federal law or the employer has given written
20
     notification to the employee of the amount and terms of the deductions." Code 1976 § 41-10-40(C).
21
          251.    Agents or officers of corporation may be individually liable for knowingly permitting
22
     their corporation to violate Payment of Wages Act.
23
          252.    Defendants violated South Carolina law, including Code 1976 §§ 41-10-30(A) & 41-
24
     10-40(D), by regularly and repeatedly failing to compensate Plaintiff Naufel and the South Carolina
25
     Subclass at the appropriate minimum and overtime wages as described in this Complaint. Additionally,
26
     Defendant's unlawfully withheld of deduced portions of lawful owed wages in violation of Code 1976
27
     § 41-10-40(C). As a result, Plaintiff Naufel and the South Carolina Subclass have and will continue to
28

                                        - 39 -

1   suffer loss of income and other damages. Accordingly, Plaintiff Naufel and the South Carolina Class

2   are entitled to recover unpaid wages owed, plus all liquidated damages, fees and costs, available under

3   WOWA, Florida Constitution, Art. X, Sec. 24(e).

**FIFTEENTH CAUSE OF ACTION**
**VIOLATION OF THE MARYLAND WAGE AND HOUR LAW,**
**§ 3–401, *et seq.* of the Labor and Employment Article – FAILURE TO PAY WAGES**
**(On Behalf of Plaintiff Chapman and the Maryland Subclass)**

253.    Plaintiff Chapman hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

254.    Defendants are "employers" for the purposes of the Maryland Wage and Hour Law. Labor and Employment Article, § 3–401(b).

255.    Under the Maryland Wage and Hour Law, employers are required to the greater of the federal or state mandated minimum wage. Labor and Employment Article, § 3–413(b). Additionally, employers are required to pay an overtime wage of at least 1.5 times the usual hourly wage for each hour over forty (40) hours that an employee works during a workweek.. *Id.*, at § 3–420(a).

256.    Defendants failed to provide the federal or state mandated minimum wage or overtime premium wages, as required by law.  Thus, all putative Maryland Subclass members are entitled their overtime wages and minimum.

257.    Defendants violated Maryland law, including §§ 3–413(b) and § 3–420(a) of the Labor and Employment Article, by regularly and repeatedly failing to compensate Plaintiff Chapman and the Maryland Subclass at the appropriate minimum wage as described in this Complaint. As a result, Plaintiff Chapman and the Maryland Subclass have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff Chapman and the Maryland Subclass are entitled to recover unpaid wages owed, plus all damages, fees and costs, available under the Maryland Wage and Hour Law, *Id.*, at § 3–427.

**SIXTEENTH CAUSE OF ACTION**
**VIOLATION OF THE MARYLAND WAGE PAYMENT COLLECTION LAW,**
**§ 3–501, *et seq.* of the Labor and Employment Article -- FAILURE TO PAY WAGES**
**(On Behalf of Plaintiff Chapman and the Maryland Subclass)**

258.    Plaintiff Chapman hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

- 40 -

CLASS ACTION COMPLAINT

259.   Defendants are "employers" for the purposes of the Maryland Wage Payment Collection Law. Labor and Employment Article, § 3–501(b).

260.   Plaintiff Chapman and the Maryland Subclass were entitled to wages defined under Labor and Employment Article, § 3–501(c).

261.   Maryland Wage Payment Collection Law requires that employees be paid on regular intervals, and at least once in every two weeks or twice in each month. Labor and Employment Article, § 3–502(1).

262.   An "employer shall pay an employee or the authorized representative of an employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Labor and Employment Article, § 3–505.

263.   Employers may not make a deduction from the wage of an employee unless the deduction is: (1) ordered by a court of competent jurisdiction; (2) authorized expressly in writing by the employee; or (3) otherwise made in accordance with any law or any rule or regulation issued by a governmental unit. Labor and Employment Article, § 3–503.

264.   As more fully set forth above, Defendants timely failed to pay Plaintiff Chapman and the Maryland Subclass their entitled to wages within two weeks of the date that they are due pursuant to Labor and Employment Article, §§ 3–502 & 3–505. Accordingly, Plaintiff Chapman and the Maryland Subclass are entitled to recover any unpaid wages owed, plus trebling of damages, fees and costs, available under the Maryland Wage and Hour Law, *Id.*, at § 3–507.

### SEVENTEENTH CAUSE OF ACTION
#### VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq.*
#### (On Behalf of the National Class)

265.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

266.   Defendants are located in California, and all pertinent business decisions regarding Defendant's business practices occurred and emanated from this state.

267.   Defendants engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above.

- 41 -

268.   In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and for unfair business practice within the meaning of Business & Professions Code § 17200, *et seq.*

269.   As a result of Defendants' conduct, Plaintiffs and the Class have been harmed as described in the allegations set forth above.

270.   The actions described above, constitute unfair and unlawful business practices within the meaning of California Business & Professions Code § 17200, *el seq.* By and through such unfair and/or unlawful business practices, Defendants obtained valuable property, money and services from Plaintiffs and the Class.

271.   Defendants were unjustly enriched by the policies and practices described, and those policies and practices conferred an unfair business advantage on Defendants over other businesses providing similar services which routinely comply with the requirements of applicable wage and hour laws.

272.   Plaintiffs seek, on their own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein, as necessary and according to proof.

273.   Plaintiffs seek, on their own behalf, and on behalf of other Class members similarly situated, an injunction to prohibit Defendants from continuing to engage in the unfair and unlawful business practices complained of herein. Defendants' unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs and all Class members in that Defendants will continue to violate the law unless specifically ordered to comply with the same. Plaintiffs have no other adequate remedy at law to insure future compliance with the labor laws and wage orders alleged to have been violated herein.

## VIII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for relief and judgment as follows:

A.   Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

B.   Designating the named Plaintiffs as Representative of the proposed FLSA collective;

- 42 -

CLASS ACTION COMPLAINT

1        C.      Ordering Defendant to disclose in computer format, or in print if no computer readable

2   format is available, the names and addresses of all those individuals who are similarly situated, and

3   permitting Plaintiffs to send notice of this action to all those similarly situated individuals including

4   the publishing of notice in a manner that is reasonably calculated to apprise the potential class members

5   of their rights under the FLSA;

6        D.      Certifying the proposed National Class, and state Subclasses;

7        E.      Designating Plaintiffs as representatives of the proposed Class;

8        F.      Appointing Plaintiffs' counsel as Class Counsel;

9        G.      Declaring that Defendants willfully violated the Fair Labor Standards Act and its

10  attendant regulations as set forth above;

11       H.      Granting judgment in favor of Plaintiffs and against Defendants and awarding the

12  amount of unpaid wages due;

13       I.      Awarding statutory penalties;

14       J.      Awarding liquidated damages in an amount equal to the amount of unpaid overtime

15  wages found due and owing;

16       K.      For disgorgement and restitution to Plaintiffs and other similarly effected Class

17  members of all funds unlawfully acquired by Defendants, and withheld from Plaintiffs and the Class,

18  by means of any acts or practices declared by this Court to violate the mandate established by

19  California Business and Professions Code § 17200, *et seq.*;

20       L.      For an injunction prohibiting Defendant from engaging in the unfair business practices

21  complained of;

22       M.      For an order requiring Defendant to show cause, if any there be, why they should not be

23  enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage

24  orders related to record keeping for Defendant's employees related to same; and for an order enjoining

25  and restraining Defendant and their agents, servants and employees related thereto;

26       N.      For actual damages or statutory penalties according to proof as set forth in California

27  Labor Code §§ 226, 1174, and Wage Order § 7(A) related to record keeping;

28       O.      For pre-judgment interest as allowed by California Labor Code §§ 218.6, 1194 and

- 43 -

CLASS ACTION COMPLAINT

1    2802(b) and California Civil Code § 3287 and other statutes;

2         P.     For reasonable attorneys' fees, expenses, and costs as provided by the FLSA, California

3    Labor Code §§ 218.5, 226(e) and (g), 1194, 2802 and California Code of Civil Procedure § 1021.5;

4         Q.     All other relief available to Plaintiffs and the Aggrieved Employees pursuant *Lawson*

5    *v. ZB, N.A.*, (2017) 18 Cal.App.5th 705; and

6         R.     For such other and further relief the Court may deem just and proper.

7    **IX.**     **JURY TRIAL DEMAND**

8         Plaintiff demand a trial by jury for all of the claims asserted in this Complaint so triable.'

9

10    DATED: September 24, 2018            Respectfully submitted,

11                                        FINKELSTEIN & KRINSK LLP

12                                  By: _____

13

14                                  Jeffrey R. Krinsk, Esq.
                                         Trenton R. Kashima, Esq.

15                                  550 West C St., Suite 1760
                                         San Diego, CA 92101-3593

16                                  Telephone: (619) 238-1333
                                         Facsimile: (619) 238-5425

17                                  PITT MCGEHEE PALMER & RIVERS, P.C.
                                         Megan A. Bonanni, Esq. (Pro Hac Vice Application

18                                  Forthcoming)
                                         mbonanni@pittlawpc.com

19                                  117 West 4th Street, Suite 200
                                         Royal Oak, MI 48067

20                                  Telephone: (248) 939-5081

21                                  SOMMERS SCHWARTZ P.C.
                                         Jason T. Thompson, Esq. (Pro Hac Vice Application

22                                  Forthcoming)
                                         jthompson@sommerspc.com

23                                  One Towne Square, 17th Floor
                                         Southfield, MI 48076

24                                  Telephone: (248) 355-0300

25                                  *Attorneys for Plaintiffs*
                                         *and the Putative Classes*

26

27

28

- 44 -

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Trenton R. Kashima, Esq. (SBN 291405)<br>Finkelstein & Krinsk LLP,<br>550 W C Street, Suite 1760 | San Diego, CA 92101<br>San Diego, CA 92101<br>TELEPHONE NO.: 619.238.1333    FAX NO.: 619.238.5425<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>**Superior Court Of California,**<br>**Sacramento**<br>**09/25/2018**<br>jmora<br>By _____, Deputy<br>**Case Number:**<br>**34-2018-00241370** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento | |
|---|---|
| STREET ADDRESS: 720 9th Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Sacramento, 95814 | |
| BRANCH NAME: | |

| CASE NAME:<br>Guillen v. Garmazzi, Inc. et al. | |
|---|---|

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/24/18
Trenton R. Kashima, Esq. (SBN 291405)
_____    ▶ _____
(TYPE OR PRINT NAME)                                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

**CIVIL CASE COVER SHEET**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CARMAZZI, INC. d/b/a, CARMAZZI GLOBAL SOLUTIONS. a California corporation, JAMES CARMAZZI and ANGELA CARMAZZI

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANA MARIA GUILLEN, ELENI O'LEARY, RICK FRAME,
MARK SITTERSON, MARY NAUFEL, and KRISTEN CHAPMAN ,
individually and on behalf of all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
09/25/2018
jmora
By_____, Deputy
Case Number:
**34-2018-00241370**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|

Superior Court of the State of California, County of Sacramento
720 9th Street, Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Finkelstein & Krinsk LLP, Trenton R. Kashima, (SBN 291405)
550 West C Street, Ste. 1760 San Diego, CA 92101 (619) 238-1333

DATE: SEP 2 5 2018
*(Fecha)*

Clerk, by _____ J. MORA _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11 / 6 / 18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILED
Superior Court Of California,
Sacramento

09/25/2018

jmora

By _____, Deputy

Case Number:

**34-2018-00241370**

1    FINKELSTEIN & KRINSK LLP
     Jeffrey R. Krinsk, Esq. (SBN 109234)
2    jrk@classactionlaw.com
     Trenton R. Kashima, Esq. (SBN 291405)
3    trk@classactionlaw.com
     550 West C St., Suite 1760
4    San Diego, California 92101
     Telephone: (619) 238-1333
5    Facsimile: (619) 238-5425

6    Attorneys for Plaintiffs
     and the Putative Classes
7
     [Additional Counsel Listed On Signature Page]
8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF SACRAMENTO

11   ANA MARIA GUILLEN, ELENI O'LEARY,       Case No:
     RICK FRAME, MARK SITTERSON, MARY
12   NAUFEL, and KRISTEN CHAPMAN ,
     individually and on behalf
13   of all others similarly situated,        CLASS ACTION COMPLAINT

14                      Plaintiff,

15   v.                                        **JURY TRIAL DEMANDED**

16   CARMAZZI, INC. d/b/a, CARMAZZI GLOBAL
     SOLUTIONS. a California corporation, JAMES
17   CARMAZZI and ANGELA CARMAZZI.

18                      Defendants.

19

20

21

22

23

24

25

26

27

28

     CLASS ACTION COMPLAINT

BY FAX

1    Plaintiffs Ana Maria Guillen, Eleni O'Leary, Rick Frame, Mark Sitterson, Mary Naufel, and
2    Kristen Chapman (hereinafter collectively referred to as "Plaintiffs") individually and on behalf of all
3    others similarly situated, based on the investigation of counsel and their own individual knowledge as
4    to Plaintiffs' own circumstances, hereby complain against Defendants Carmazzi Inc. (d/b/a Carmazzi
5    Global Solutions) James Carmazzi and Angela Carmazzi (hereinafter collectively referred to as
6    "Defendants") as follows:

7    **I.    INTRODUCTION**

8        1.    Plaintiffs seek to represent a class composed of people who, during the relevant time
9    period, worked as Verbatim Hearing Recorders ("VHR") at Carmazzi Global Solutions, Inc., in
10   California, Michigan and across the country. Essentially, VHRs serve as court reporters in various
11   court and administrative hearings, transcribing the verbal representations of the parties and preserving
12   a copy of the transcript and record of a hearing. Defendants market and provide their verbatim hearing
13   recorder services to various governmental agencies, including the United States Social Security
14   Administration ("SSA").

15       2.    Plaintiffs contend that all class members were denied full payment of their wages,
16   pursuant to applicable federal and state wage and hour laws causing financial loss and injury.
17   Specifically, Plaintiffs complain that Defendants misclassified Plaintiffs and all other members of the
18   Class as independent contractors, as opposed to employees, at all times in which they worked as VHRs
19   at Defendants' locations throughout California and the country. Plaintiffs contend that Defendants
20   failed to pay Plaintiffs and all other members of the Class the minimum and overtime wages and other
21   benefits to which they were entitled under applicable federal and California state laws.

22       3.    Additionally, even if Plaintiffs were independent contractors, Defendants breached
23   their contracts with Plaintiffs by not issuing Plaintiffs payment for work performed in accordance with
24   the contracts.

25       4.    Plaintiffs, therefore, bring this class action seeking damages, back pay, restitution,
26   liquidated damages, injunctive and declaratory relief, civil penalties, prejudgment interest, reasonable
27   attorneys' fees and costs, and any and all other relief the Court deems just, reasonable and equitable
28   under the circumstances.

- 1 -

CLASS ACTION COMPLAINT

## II.    JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to Article 6, § 10 of the California Constitution, California Business and Professions Code § 17203, and Code of Civil Procedure §§ 382 and 410.10.

6.     This Court has jurisdiction over Plaintiffs' Fair Labor Standards Act ("FLSA") claims as 29 U.S.C. § 216(b) authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions in any court, which means state or federal.

7.     This Court has jurisdiction over Defendants because they are registered to conduct, and do conduct, substantial business within California and Sacramento County, including entering into the contracts alleged herein. Additionally, the parties have contractually agreed that state and federal courts within Sacramento County shall have jurisdiction to hear this case.

8.     Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because Defendants operate their business and employ the class members within this County, and a substantial or significant portion of the conduct complained of herein occurred and continues to occur within this County.

## III.    PARTIES

9.     Plaintiff Ana Maria Guillen ("Guillen") is a resident of Sacramento County, California. Guillen worked as a VHR for Defendants in the City of Sacramento, California during the class period and is a member of the proposed class. Like other class members, when Guillen worked in that capacity, she was (1) misclassified as an independent contractor and as a result was not paid any wages (or provided other benefits and rights) to which she was entitled as an employee; and (2) not paid in accordance with the terms of her contract with Defendants. Defendants have not indicated any dissatisfaction with Guillen's work product.

10.     Guillen seeks to represent the National Class and the California Subclass, defined below.

11.     Plaintiff Eleni O'Leary ("O'Leary") is a resident of Oakland County, Michigan. O'Leary worked as a VHR for Defendants in the City of Birmingham, Michigan during the class period and is a member of the proposed class. Like other class members, when O'Leary worked in

- 2 -

1    that capacity, she was (1) misclassified as an independent contractor and as a result was not paid any

2    wages (or provided other benefits and rights) to which she was entitled as an employee; and (2) not

3    paid in accordance with the terms of her contract with Defendants.

4        12.    O'Leary seeks to represent the National Class and the Michigan Subclass, defined

5    below.

6        13.    Plaintiff Rick Frame ("Frame") is a resident of Ingham County, Michigan. Frame

7    worked as a VHR for Defendants in the City of Williamston, Michigan during the class period and is

8    a member of the proposed class. Like other class members, when Frame worked in that capacity, he

9    was (1) misclassified as an independent contractor and as a result was not paid any wages (or provided

10   other benefits and rights) to which he was entitled as an employee; and (2) not paid in accordance with

11   the terms of his contract with Defendants. Defendants have not indicated any dissatisfaction with

12   O'Leary's work product.

13       14.    Frame seeks to represent the National Class and the Michigan Subclass, defined below.

14       15.    Plaintiff Mark Sitterson ("Sitterson") is a resident of St. Johns County, Florida.

15   Sitterson worked as a VHR for Defendants in the City of Jacksonville, Florida during the class period

16   and is a member of the proposed class. Like other class members, when Sitterson worked in that

17   capacity, he was (1) misclassified as an independent contractor and as a result was not paid any wages

18   (or provided other benefits and rights) to which he was entitled as an employee; and (2) not paid in

19   accordance with the terms of his contract with Defendants. Defendants have not indicated any

20   dissatisfaction with Sitterson's work product.

21       16.    Sitterson seeks to represent the National Class and the Florida Subclass, defined below.

22       17.    Plaintiff Rose Mary Naufel ("Naufel") is a resident of Greenville County, South

23   Carolina. Naufel worked as a VHR for Defendants in the City of Greenville, South Carolina during

24   the class period and is a member of the proposed class. Like other class members, when Naufel worked

25   in that capacity, she was (1) misclassified as an independent contractor and as a result was not paid

26   any wages (or provided other benefits and rights) to which she was entitled as an employee; and (2)

27   not paid in accordance with the terms of her contract with Defendants. Defendants have not indicated

28   any dissatisfaction with Naufel's work product.

CLASS ACTION COMPLAINT

18.     Naufel seeks to represent the National Class and the South Carolina Subclass, defined below.

19.     Plaintiff Kristen Chapman ("Chapman") is a resident of Harford County, Maryland. Chapman worked as a VHR for Defendants in the City of Joppa, Maryland during the class period and is a member of the proposed class. Like other class members, when Chapman worked in that capacity, she was (1) misclassified as an independent contractor and as a result was not paid any wages (or provided other benefits and rights) to which she was entitled as an employee; and (2) not paid in accordance with the terms of her contract with Defendants. Defendants have not indicated any dissatisfaction with Chapman's work product.

20.     Chapman seeks to represent the National Class and the Maryland Subclass, defined below.

21.     Plaintiffs intend to file additional Consents to Become Party executed by similarly situated individuals as they are secured.

22.     Defendant Carmazzi Inc., which does business as Carmazzi Global Solutions, is a California Corporation maintaining offices in Elk Grove, California. The registered office and Agent for Service of Process for Carmazzi Inc. is located at 1026 Florin Rd., No. 384, Sacramento California, 95831. From those offices Defendants manage, operate and/or controls the business operations and employment and wage policies at the numerous locations doing business under Carmazzi Global Solutions and/or other trade names nationwide, including the locations where Plaintiffs and all Class members worked.

23.     Defendant James Carmazzi is a shareholder and Chief Financial Officer of Carmazzi Inc.

24.     Defendant Angela Carmazzi is a shareholder and Chief Executive Officer and Secretary of Carmazzi Inc.

25.     Defendants James and Angela Carmazzi collectively own Defendant Carmazzi Global Solutions and has plenary control over its operations.

26.     Defendants are business entities and/or individuals that employ and control the work of members of the Class that work or have worked at Carmazzi Inc. throughout the country.

- 4 -

CLASS ACTION COMPLAINT

27.    The senior management of all Defendants' locations throughout California and the country is delegated to Defendants and/or its agents. In turn, the employment policies affecting class members at the locations in California and across the country are dictated, determined, controlled and perpetuated in material part by Defendants and as such, they are joint employers of all VHRs under applicable federal and state wage and hour laws, including the FLSA.

28.    All named Defendants agreed and conspired among themselves, along with any third party owners of certain of the Carmazzi Global Solutions locations throughout California and the country to unlawfully: (1) misclassify VHRs as independent contractors, as opposed to employees; (2) not pay any VHRs any wages for several weeks or months; (3) adopt and implement employment policies which violate the FLSA and California wage and hour laws; and (4) breach employment contracts with VHRs by failing to pay VHRs in accordance with the terms set forth in the contracts. The unlawful agreements and conspiracies between Defendants and third parties in the enterprise were entered into as part of a strategy to maximize revenues and profits and to violate Class members' statutory rights.

29.    Defendants knew or should have known that the business model employed was unlawful as applicable laws confirm that employees must be paid minimum wage in accordance with state and federal law. Despite this, Defendants continued to willfully engage in the acts described below misclassifying VHRs and failing to provide VHRs with any payment whatsoever for periods of weeks or months in violation of their legal duties.

30.    At all relevant times, Defendants owned and operated a business engaged in interstate commerce and which utilized goods moving in interstate commerce. On information and belief, during the relevant time period, the annual gross revenues of each Defendant exceeded $500,000 per year.

31.    By reason of the foregoing, Defendants were at all relevant times enterprises engaged in commerce as defined in 29 U.S.C. §203(r) and §203(s). Defendants constitute an "enterprise" within the meaning of 29 U.S.C. §203(r)(1), because they perform related activities through common control for a common business purpose. At all relevant times, Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. §206(a) and §207(a).

32.    Plaintiffs are informed and believe and thereon allege that each of the Defendants was

- 5 -

1   acting as the agent, employee, partner, or servant of each of the remaining Defendants and was acting

2   within the course and scope of that relationship, and gave consent to, ratified, and authorized the acts

3   alleged herein to each of the remaining Defendants.

4   **IV.    JOINT EMPLOYER ALLEGATIONS**

5       33.    Under the FLSA, "employer" is defined as "any person acting directly or indirectly in

6   the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

7       34.    The definition of "employer" under the FLSA is not limited by the common law

8   concept of "employer," and is to be given an expansive interpretation in order to effectuate the FLSA's

9   broad remedial purposes. *Real v. Driscoll Strawberry Assocs.* (9th Cir. 1979) 603 F.2d 748, 754.

10      35.    Congress defined "employee" as "any individual employed by an employer," 29 U.S.C.

11  § 203(e)(1), describing this language as "the broadest definition that has ever been included in any one

12  act." *United States v. Rosenwasser* (1945) 323 U.S. 360, 363 n.3 (*quoting* 81 Cong. Rec. 7657 (1937)

13  (statement of Sen. Hugo Black)); *Tony & Susan Alamo Found. v. Sec'y of Labor* (1985) 471 U.S. 290,

14  300 n.21 (same).

15      36.    The determination of whether an employer-employee relationship exists does not

16  depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food*

17  *Corp. v. McComb* (1947) 331 U.S. 722, 730. The touchstone is "economic reality." *Goldberg v.*

18  *Whitaker House Cooperative, Inc.* (1961) 366 U.S. 28, 33.

19      37.    Two or more employers may jointly employ someone for purposes of the FLSA. *Falk*

20  *v. Brennan* (1973) 414 U.S. 190, 195.

21      38.    All joint employers are individually responsible for compliance with the FLSA. 29

22  C.F.R. § 791.2(a).

23      39.    Regulations issued by the Department of Labor give the following examples of joint

24  employment situations:

25      (2) Where one employer is acting directly or indirectly in the interest of the other
        employer (or employers) in relation to the employee; or
26
        (3) Where the employers are not completely disassociated with respect to the
27      employment of a particular employee and may be deemed to share control of the
        employee, directly or indirectly, by reason of the fact that one employer controls, is
28      controlled by, or is under common control with the other employer.

- 6 -

CLASS ACTION COMPLAINT

29 C.F.R. § 791.2(b) (footnotes omitted).

40.     The ultimate question of whether a party is an "employer" is a legal issue. *Bonnette v. California Health & Welfare Agency* (9th Cir. 1983) 704 F.2d 1465, 1469–70. The ultimate determination must be based "upon the circumstances of the whole activity." *Id.* at 1470 (citing *Rutherford*, 331 U.S. 722.

41.     Defendants James and Angela Carmazzi own Defendant Carmazzi Global Solutions and has plenary control over its operations, including all employment decisions. Defendants James and Angela Carmazzi, have been involved in the decisions to classify VHRs working at Defendants' locations as independent contractors, as opposed to employees and to perpetuate and maintain that classification system.

42.     Plausibly, by Defendants James and Angela Carmazzi's exercise of control, input, and responsibility for issuing accurate, legitimate, and proper paychecks for the Plaintiffs' and all other Agents, they meet the test for joint employer.

43.     Defendants James and Angela Carmazzi controlled the rate and method of payment for the VHRs, including making changes to their commission structure. *Conde v. Open Door Mktg., LLC* (N.D. Cal. 2017) 223 F. Supp. 3d 949, 967 (finding multiple companies and individual defendants were joint employers of sales and marketing workers).

44.     Plausibly, through Defendants James and Angela Carmazzi's exercise of control, input, and responsibility over the rate and method of work orders for Plaintiffs, they meet the test for joint employer. *Conde, supra.*

45.     Defendants James and Angela Carmazzi maintained employment records in connection with the VHRs. Furthermore, Defendants James and Angela Carmazzi actively kept, updated, and maintained the Agents' pay records, agreements, and performance evaluations related to their employment.

46.     Plausibly, by all Defendants James and Angela Carmazzi's exercise of control, input and responsibility over the Agents' employment, they meet the test for joint employer.

47.     Defendants James and Angela Carmazzi controlled the structure and conditions of

- 7 -

CLASS ACTION COMPLAINT

1    employment for Plaintiffs.

2        48.    Plausibly, by Defendants James and Angela Carmazzi's exercise of control, input, and

3    responsibility over the training, structure and conditions of employment of the VHRs, they meet the

4    test for joint employer.

5        49.    Regardless of which of the Defendants is viewed as having had the power to hire and

6    fire, their power over the employment relationship by virtue of their overarching control over the purse

7    strings was substantial, and thus each Defendant meets the test for joint employer. *Bonnette, supra*, at

8    1470.

9        50.    Regardless of any of the individual criteria for joint employer, as active business

10   owners, Defendants James and Angela Carmazzi also had complete economic control over the

11   employment relationship. The "economic reality" was that they employed VHRs for their benefit, and

12   thus they meet the test for joint employer. *Bonnette, supra*, at 1470.

13       51.    The fact that some Defendants may not have exercised each and every aspect of the test

14   for employer under the law, and may have delegated some of the responsibilities to others, does not

15   alter their status as employer; it merely makes them joint employers. *Id.*

16       52.    Whether employers, or joint employers, each Defendant is nevertheless liable for the

17   wage violations pleaded in this Complaint. *Falk, supra*; 29 C.F.R. § 791.2(a).

18       53.    The above well-pleaded facts all support Plaintiffs' standing to sue each and every

19   Defendant named herein as a joint employer and seek damages for the alleged violations under a joint

20   employment theory. *Conde*, 223 F. Supp. 3d at 966; *Haralson v. United Airlines, Inc.* (N.D. Cal.

21   2016) 224 F. Supp. 3d 928, 940.

22       54.    Upon information and belief, Defendants jointly employed hundreds of VHRs –

23   including Plaintiffs – in California during the last four years.

24       55.    Plaintiffs are informed and believe, and allege thereon, that Defendants are jointly and

25   severally responsible for the circumstances alleged herein, and proximately caused Plaintiffs the

26   fraudulent, unlawful, unfair, and deceptive acts and wage violations complained of herein.

27       56.    At all times herein mentioned, Defendants approved of, condoned, and/or otherwise

28   ratified each and every one of the acts or omissions complained of herein.

- 8 -

CLASS ACTION COMPLAINT

1      57.     Defendants acted willfully in violating the laws and regulations pleaded in this

2   Complaint.

3      58.     At all times herein mentioned, Defendants' acts and omissions proximately caused the

4   complaints, injuries, and damages alleged herein.

5   **V.     SUBSTANTIVE ALLEGATIONS**

6      59.     At all relevant times, Plaintiffs and the Class worked as VHRs for Defendants. In

7   entering into an employment relationship with Defendants, Plaintiffs and other VHRs signed a contract

8   entitled Master Agreement for Verbatim Recording Services (or "Master Agreement") setting forth

9   the terms and conditions of their employment. The parties agreed that the Master Agreement is

10  governed by California law.

11     60.     The Master Agreement characterizes the VHR as independent contractors, and not

12  employees. However, when one actually reads the restrictive covenants of the Master Agreement, it

13  becomes clear that the VHR are employees in all but name.

14     61.     The Master Agreement prohibits the VHR from providing verbatim hearing recorder

15  services to the general public, or through other agencies, during the contract term (which is generally

16  for one year, minimum). The VHR are further prohibited from accepting any contract or obligation

17  that will interfere with the VHRs ability to accept a work order under the Master Agreement. Plaintiffs

18  and the Class also cannot solicit any of Defendants' clients or other VHRs for a period of two years

19  following termination of the Master Agreement. These provisions of the Master Agreement ensures

20  that any VHRs will be solely dependent on Defendants to market and contract for their verbatim

21  hearing recorder services

22     62.     The Master Agreement signed by Plaintiffs and the Class stipulate the VHRs would

23  provide verbatim hearing recorder services for government agencies (such as the SSA), in accordance

24  with work orders which would periodically be provided *via* email. In exchange for accepting the work

25  order, Plaintiffs and the Class receive a pre-calculated payment "according to a standard 60 day

26  payment term." The services required under any work order is not individually negotiated with the

27  VHRs. A work order is deemed accepted and a "signed" agreement by Defendants, unless the VHRs

28  replies to the email within twenty-four (24) hours. Even if Defendants do not provide the VHRs with

- 9 -

1   a work order, the VHRs is still subject to the terms of the Master Agreement.

2       63.    Under Defendants' compensation system, Plaintiffs and the members of the Class are

3   paid a flat fee, regardless of the time spent on the verbatim hearing recording project (often as low as

4   twenty (20) dollars per hearing). Defendants' compensation system does not account for the actual

5   time that any VHRs spends at the hearing, traveling to and from the hearing location, and the

6   significant amount of additional time it takes to finalize the transcript and record.

7       64.    Defendants also do not reimburse individuals for any work related expenses. This is

8   particularly problematic because hearings often occur in a number of disparately located cities and

9   require the VHRs to travel or teleconference.

10      65.    Plaintiffs and the Class have not received payment in accordance with the contracts

11  entered into with Defendants. Plaintiffs and the Class have waited in excess of sixty (60) days from

12  the provision of their services for payment.

13      **A.    Plaintiffs and the Class were Employees of Defendants**

14      66.    Defendants misclassified Plaintiffs and other Class members as independent

15  contractors in order to deny Class members the protections afforded employees under applicable wage

16  and labor laws.

17      67.    Employment is defined with "striking breadth" in the wage and hour laws. *Nationwide*

18  *Mut. Ins. Co. v. Darden* (1992) 503 U.S. 318, 325-26.  With regardless to the FLSA's claims, the

19  determining factor as to whether VHRs like Plaintiffs are employees or independent contractors is not

20  the VHR's election, subjective intent or any contract. *Rutherford,* 331 U.S. at 727. Rather, the test for

21  determining whether an individual is an "employee" under the FLSA is the economic reality test. An

22  employee status turns on whether the individual is, as a matter of economic reality, in business for the

23  individual and truly independent, or rather is economically dependent upon finding employment in

24  others.

25      68.    Under the applicable economic reality test, courts utilize several factors to determine

26  economic dependence and employment status. They are: (i) the degree of control exercised by the

27  alleged employer; (ii) the relative investments of the alleged employer and employee; (iii) the degree

28  to which the employee's opportunity for profit and loss is determined by the employer; (iv) the skill

- 10 -

1 │ and initiative required in performing the job; (v) the permanency of the relationship; and (vi) the degree

2 │ to which the alleged employee's tasks are integral to the employer's business.

3 │     69.    California law governing the Master Agreement and, therefore, Plaintiffs' state labor

4 │ law claims. Under California law an employee's status is tested under the "ABC" test as set forth in

5 │ *Dynamex Operations W. v. Sup. Ct.* (2018) 4 Cal. 5th 903, 912, *reh'g denied* (June 20, 2018). In

6 │ *Dynamex*, the California Supreme Court ruled that the test for misclassification only looked to three

7 │ elements, referred to as the "ABC test" and that it was the employer's burden to establish *all three*

8 │ elements were met, including (1) Is the worker free from the control and direction of the hiring entity

9 │ in the performance of the work, both under the contract for the performance of the work and in fact?;

10 │ (2) Does the worker perform work that is outside the usual course of the hiring entity's business?; and

11 │ (3) Is the worker customarily engaged in an independently established trade, occupation, or business

12 │ of the same nature as the work performed for the hiring entity? *Id.* at 957. [1]

13 │     70.    Any contract which attempts to have workers waive, limit or abridge their statutory

14 │ rights to be treated as an employee under the FLSA or applicable California wage and hour laws is

15 │ void, unenforceable, unconscionable and contrary to public policy. Workers in the Class cannot validly

16 │ "elect" to be treated as employees or independent contractors under threat of adverse treatment. Nor

17 │ can workers in the Class agree to be paid less than the minimum wage.

18 │     71.    Despite this, Defendants unfairly, unlawfully, fraudulently and unconscionably attempt

19 │ to coerce VHRs in the Class to waive their statutory rights and elect to be treated as independent

20 │ contractors. Defendants threaten to penalize and discriminate against VHRs in the Class if they assert

21 │ their statutory rights such as through termination among other adverse conditions and retaliations. Any

22 │ such retaliation based on the assertion of statutory rights under the wage and hour laws is unlawful.

23 │ 29 U.S.C. §215(a)(3). Further, it is unlawful for an employer to even threaten to discharge, demote,

24 │

25 │     [1] Similarly, Maryland, Florida, South Carolina, and Michigan also uses the same economic reality
26 │ test. *See, e.g., Heath v. Perdue Farms, Inc.*, 87 F.Supp.2d 452, 458–59 (D.Md. 2000) (applying the
   │ six-factor economic realities test in analyzing whether crew leaders were employees or independent
27 │ contractors for the purpose of both the FLSA and the MWHL); Florida Constitution, Art. X, Sec. 24(b)
   │ (adopting federal labor standards). Accordingly, to the extent that California law does not apply to any
28 │ of the Maryland, Florida, South Carolina, and Michigan Subclasses, the FLSA's economic reality test
   │ will control.

- 11 -

CLASS ACTION COMPLAINT

1   terminate or discriminate in the terms and conditions of employment because an employee has made

2   a *bona fide* complaint against an employer for a violation of wage and hour laws. This protection

3   encompasses the exercise of statutory rights on the employee's own behalf and on behalf of others.

4   Any actual or threatened retaliation against an employee for the assertion of wage and hour law claims

5   violates the state's fundamental public policy to protect the payment of wages and employee's rights.

6   72.    The totality of circumstances surrounding the employment relationship between

7   Defendants and the VHRs in the Class establishes economic dependence by the VHRs on Defendants

8   and employee status. Here, as a matter of economic reality, or under the ABC test, Plaintiffs and all

9   other Class members are not in business for themselves and truly independent. The VHRs are not

10   engaged in occupations or businesses distinct from that of Defendants. Rather, their work is the basis

11   for Defendants' business, *i.e.* Plaintiffs and Class Members are essentially court reporters for a court

12   reporting service. Defendants obtain the patrons who desire VHR services and then provide the

13   workers who conduct the VHR services on behalf of Defendants. Defendants retain pervasive control

14   over the business operation as a whole, and the VHRs' duties are an integral part of the operation.

15   73.    Thus, whether analyzed according to the FLSA's economic reality test or California's

16   more rigorous "ABC test," it is clear that Defendants miscast Plaintiffs and the Class as independent

17   contractors.

18          1.    Degree of Control – Plaintiffs and The Other VHRs Exercise No Control Over
           Their "Own" or Their Employers' Business'

19

20   74.    Plaintiffs and the other members of the Class do not exert control over a meaningful

21   part of the Defendants' business and do not stand as separate economic entities from Defendant.

22   Indeed, Plaintiffs and the other Class members are not their own business, employing individuals and

23   marketing their services to a multitude of consumers.  Instead, Plaintiffs and the Class are simply

24   employees, working for Defendants.

25   75.    Furthermore, Plaintiffs and the other members of the Class are completely reliant on

26   Defendants to provide hearing recorder services. Under the terms of the Master Agreement, VHRs

27   cannot offer verbatim hearing recorder services to others during the term of their contract.

28   Consequently, Defendants' VHRs are solely dependent on Defendants to market, solicit, and contract

CLASS ACTION COMPLAINT

1  for the hearing recorder services and cannot operate as a separate business offering hearing recorder

2  services.

3      76.    Defendants exercise control over all aspects of the working relationship with Plaintiffs

4  and the other VHRs. Defendants dictate when a VHR works, and how much VHR gets paid, through

5  Defendants' unilateral control of the work orders. Additionally, even when not engaged under a work

6  order, a VHR may not in take part in any activities that work interfere with their ability to accept a

7  work from Defendants. Because Defendants exercise control over VHRs' work schedule

8  compensation, Class members' economic status is inextricably linked to those conditions over which

9  Defendants have complete control. Plaintiffs and the other VHRs are completely dependent on the

10  Defendants for their earnings.

11      77.    Defendants also dictate the manner in which a VHR must provide their hearing recorder

12  services. Defendants establish guidelines and rules to ensure that the VHRs' work product is

13  acceptable to Defendants' customers, including the format of any transcripts or records provided, the

14  software that must be used to make audio recordings, and the level of service that must be provided.

15  The foregoing establishes that Defendants control and set the terms and conditions of all VHRs' work.

16  This is the hallmark of dependence and control.

17      2.    <u>Skill and Initiative of a Person in Business for Themselves</u>

18      78.    Plaintiffs, like all other VHRs, do not exercise the skill and initiative of a person in

19  business for themselves. While some skill is required to offer hearing recorder services, Plaintiffs and

20  Class Members do not operate their own enterprise or exercise any business management skills.

21  Instead, VHRs simply accept work orders from Defendants, inclusively, and conduct their work in the

22  manner prescribed.

23      79.    VHRs do not actively participate in any effort to increase their own client base, enhance

24  their "business's" goodwill, or establish additional contracting possibilities. The scope of a VHR's

25  initiative is restricted to decisions involving when to work (within Defendants' guidelines) which is

26  consistent with the status of an employee opposed to an independent contractor.

27      3.    <u>Relative Investment</u>

28      80.    Plaintiffs' relative investment is minor when compared to the investment made by

- 13 -

1    Defendants. Plaintiffs, like all other VHRs, make no capital investment in developing an independent

2    business to offer hearing recorder services, contracting with third-parties, maintaining a website to

3    solicit business, etc. Defendants provide all investment and risk capital.

4        81.    VHRs' investments are limited to their own skill, experience, and education, which is

5    similar for all skilled employee. Indeed, the Master Agreement specifically prohibits Plaintiffs and

6    members of the class from conducting activities normally associated with a business providing hearing

7    recorder services, such as soliciting hearing recorder services to the general public.

8        4.    Opportunity for Profit and Loss

9        82.    Defendants, not Plaintiffs, manage all aspects of the business operation including

10   soliciting business, entering into contracts with clients, ensuring that there is adequate staffing to cover

11   their outstanding contracts, collecting revenue, and paying invoices. Defendants, not the VHRs, take

12   the true business risks of maintaining a hearing recorder service business.

13       83.    Plaintiffs, and other class members, do not control any of the key determinants of profit

14   and loss of a successful enterprise. Specifically, Plaintiffs are not responsible for any aspect of the

15   enterprises' on-going business risk. For example, Defendants, not the VHRs, are responsible for

16   determining what hearing recorder service contracts to take, how much to charge Defendants' clients,

17   and what to pay the VHRs. Defendants are the only party in privity with the ultimate consumer and

18   negotiate any obligations owed to the consumer. Should a VHRs fail to provide a service in the manner

19   required, it is Defendants who are contractually liable.

20       84.    Plaintiffs and the Class risk nothing except their time and wages, commensurate with

21   any employee/employer relationship. Individual VHRs do not concern themselves with the finances

22   of the company, their only concern to continue to receive a paycheck.

23       5.    Integral Part of Employer's Business

24       85.    Axiomatically, Verbatim Hearing Recorders are an integral party of Defendants'

25   business which provides hearing recorder services. The continued success of Defendants' business

26   inherently depends to an appreciable degree upon the employment of VHRs.

27       86.    The foregoing demonstrates that VHRs in the Class, like Plaintiffs, are economically

28   dependent on Defendants and subject to significant control by Defendants. Therefore, Plaintiffs were

- 14 -

1  misclassified as independent contractors and should have been paid minimum wages, overtime wages,

2  provided meal and rest breaks, and indemnified for any work related expenses and otherwise been

3  afforded all rights and benefits of an employee under federal and state wage and hour laws.

4        87.    Defendants' misclassification of VHRs like Plaintiffs was willful. Defendants knew or

5  should have known that Plaintiffs and the other VHRs performing the same job functions were

6  improperly misclassified as independent contractors.

7      **B.    Defendants failed to Record their VHRs' Time Records**

8        88.    Defendants did not accurately record the number of hours that each VHRs worked

9  during the relevant time period.  Actually, Defendants kept no time records for Plaintiffs and members

10  of the Class.

11        89.    Because Defendants intentionally failed to record the VHRs' recorded work time,

12  Defendants' compensation system failed to properly account and properly compensate VHRs for all

13  time worked, including their overtime hours,  Additionally, Defendants did not provide its VHRs with

14  an accurate list of the hours worked, and the rates associated with these hours, on their paystubs. This

15  is a violation of Cal. Lab. Code § 226, which requires that the employer provide accurate wage

16  statements.

17      **C.    Defendants Failed to Pay Plaintiffs the Statutory Minimum Wage**

18        90.    Plaintiffs and each member of the Class were employees of Defendants under the FLSA

19  and applicable state wage and hour laws. Both federal and state law require that Defendants pay

20  Plaintiffs and each member of the Class a statutory minimum wage per hour worked. The federal and

21  state minimum wage provisions may not be waived by contract.

22        91.    Defendants paid its VHRs on using a per-hearing formula (that is when they were paid).

23  Plaintiffs and members of the Class could be paid as little as twenty (20) dollars per hearing. However,

24  preparing transcripts and records for these hearings could take in excess of three or four hours (work

25  time accrued both at the hearing and after the hearing, preparing the transcript). At this rate, Plaintiffs

26  and members of the Class were often paid less than the federally and state mandated minimum wage.

27      **D.    Failure to Pay Overtime Wages**

28        92.    Another result of Defendants' per-hearing pay scale is that Defendants do not pay

- 15 -

1  VHRs premium overtime wages.

2      93.     Under the FLSA, employees who work more than forty (40) hours in a work week are

3  entitled to at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C.

4  § 207.

5      94.     Similarly, under California law, employees are entitled to:

6  • compensation at the rate of one and one-half times their regular rate of pay for all hours worked

7      in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of

8      forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th)

9      consecutive day or a workweek; and

10  • to compensation at the rate of twice their regular rate of pay for all hours worked in excess of

11     twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th)

12     consecutive day of work in a workweek.

13  Labor Code §§ 510 and 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 3(A)

14     95.     During the relevant time period, Plaintiffs and the Class would worked in excess of

15  eight (8) hours in a workday, and/or in excess of forty (40) hours in a workweek traveling to and from

16  hearing locations, transcribing hearings, and preparing transcripts and records.

17     96.     As a result of Defendants' policies, Plaintiffs and all other VHRs were deprived of pay

18  for compensable time worked, including overtime. Plaintiffs are entitled to unpaid, statutory penalties,

19  and interest associated with outstanding overtime premiums.

20     **E.     Meal and Rest Break Violations**

21     97.     Defendants are required to provide each of their VHRs at least one unpaid meal period

22  for each period for every five (5) hours worked, or a rest period for each four (4) hour period worked,

23  or major fraction thereof. However, in reality, Defendants' scheduling often required ADRs to work

24  through unpaid meal periods and paid rest periods.

25     98.     Under the federal law, in order to deduct an unpaid meal period from an employees'

26  compensable time, an employee must be completely relieved of his or her employment duties for the

27  entire lunch break. 29 CFR 785.19(a) states:

28     Bona fide meal periods. Bona fide meal periods are not work time. Bona fide meal

- 16 -

1   periods do not include coffee breaks or time for snacks. These are rest periods. The
    employee must be *completely relieved* from duty for the purposes of eating regular
2   meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A
    shorter period may be long enough under special conditions. The employee is not
3   relieved if he is required to perform any duties, whether active or inactive, while eating.
    For example, an office employee who is required to eat at his desk or a factory worker
4   who is required to be at his machine is working while eating. (emphasis added).

5   Defendants did not provide their Agents with a legitimate bona fide meal period.

6       99.    Under California law, employers must provide a meal period of at least 30 minutes for

7   every five (5) hours worked:

8       An employer may not employ an employee for a work period of more than five hours
        per day without providing the employee with a meal period of not less than 30 minutes,
9       except that if the total work period per day of the employee is no more than six hours,
        the meal period may be waived by mutual consent of both the employer and employee.
10      An employer may not employ an employee for a work period of more than 10 hours
        per day without providing the employee with a second meal period of not less than 30
11      minutes, except that if the total hours worked is no more than 12 hours, the second meal
        period may be waived by mutual consent of the employer and the employee only if the
12      first meal period was not waived.

13  Cal. Lab. Code § 512(a).  Furthermore, the applicable Industrial Welfare Commission Wage Order

14  states that an employee is also entitled to a ten (10) minute break for each four (4) hour period, or

15  major fraction thereof, worked.

16      100.   Defendants failed to provide their Agents with a 30-minute meal period for every five

17  (5) hours worked, or a rest period for each four (4) hour period worked.  This is because Defendants

18  would often schedule their VHRs to multiple consecutive hearing, without any relief or break. The

19  result was that VHRs were not able to take any breaks during their work day. Accordingly, Plaintiffs

20  and the Class are entitled to one additional hour of compensation per workday for a missed meal and

21  rest period.

22      **F.    Failure to Pay Wages in a Timely Manner**

23      101.   Generally, wages are due and payable twice during each calendar month. Labor Code

24  § 204(a). Generally, "[l]abor performed between the 1st and 15th days, inclusive, of any calendar

25  month shall be paid for between the 16th and the 26th day of the month during which the labor was

26  performed, and labor performed between the 16th and the last day, inclusive, of any calendar month,

27  shall be paid for between the 1st and 10th day of the following month." *Id*. Additionally, an employee

28  who is discharged must be paid all of his or her wages, immediately at the time of termination. Labor

- 17 -

1    Code §§ 201 and 227.3.[2]

2         102.    Similarly, Overtime wages must be paid no later than the payday for the next regular

3    payroll period following the payroll period in which the overtime wages were earned. *Id.* Pay periods,

4    and pay days, should be conspicuously posted by the employer. Labor Code § 207.

5         103.    Defendants failed to pay their VHRs according to any regular pay schedule. Instead,

6    Plaintiffs and the Class were told that they would be paid sixty (60) days following the hearing in

7    which they earn their wages. This system violates California labor law, which required each VHRs to

8    receive bimonthly paychecks, and be paid within ten (10) calendar days of the end of the pay period.

9    Additionally, to the extent that Defendants terminated their relationship with VHRs, Defendants did

10   not issue the final paycheck on the date of termination.

11        104.    Accordingly, Plaintiffs and the Class are entitled to any unpaid wages, accrued interest,

12   and waiting time penalties associated with Defendants' late payroll.

13        **G.    Failure to Indemnify Employees' Expenses and Losses**

14        105.    Employers must reimburse employees for reasonable business for all necessary

15   expenditures or losses incurred by the employee in carrying out job duties or employer directives.

16   Labor Code § 2802(a). This includes reimbursement for work-required use of employees' own

17   automobiles.

18        106.    It is Defendants' standing policy not to indemnify Plaintiffs and the Class for any

19   expenditures or losses incurred as a result of their employment. Accordingly, Plaintiffs and the Class

20   were not fully reimbursed for the expenditures and losses incurred for Defendants' benefit.

21        107.    Defendants also maintained a policy of refusing to pay their VHRs for any work

22   product they deemed unsatisfactory. Such deductions are not allowed under California law. It is

23   unlawful for any employer to withhold or divert any portion of an employee's wages unless: (1) when

24   required or empowered to do so by state or federal law, or (2) when a deduction is expressly authorized

25   in writing by the employee to cover insurance premiums, benefit plan contributions or other deductions

26

27        [2] Alternatively, employers can establish weekly, biweekly, or semimonthly payroll if the wages
28   are paid not more than seven (7) calendar days following the close of the payroll period. Labor Code
     § 204(d).

- 18 -

1   not amounting to a rebate on the employee's wages, or (3) when a deduction to cover health, welfare,

2   or pension contributions is expressly authorized by a wage or collective bargaining agreement. Labor

3   Code §§ 221-224.

4   108.   Defendants are not allowed to deduct wages simply because the Defendants are

5   displeased with the work product provided. Accordingly, Plaintiffs and the Class are owed

6   reimbursement of all business related expenses and repayment of any unlawfully deducted wages.

7   **H.   Breach of Contract**

8   109.   Even if the Court determines that Plaintiffs and members of the Class are not

9   employees, Defendants still refuse to abide by the terms of the Master Agreement. Under the express

10  terms of the Master Agreement, Plaintiffs and the Class are entitled to compensation within 60 days.

11  110.   However, Defendants often fail to pay within this generous payment term. Indeed, job

12  review website, like Glassdoor.com (https://www.glassdoor.com/Reviews/Carmazzi-Global-

13  Solutions-Reviews-E953076_P2.htm) and Indeed.com (https://www.indeed.com/cmp/Carmazzi-

14  Global-Solutions/reviews), are filled with individuals complaining that they have not been paid.

15  **VI.   FLSA COLLECTIVE ACTION ALLEGATIONS**

16  111.   Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own

17  behalf and on behalf of:

18       All current and former VHRs who worked for any Defendants at any time from
         September 24, 2015 through judgment.
19
20  (hereinafter referred to as the "FLSA Collective"). Plaintiffs reserve the right to amend this
    definition if necessary.
21
22  112.   Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate
    Plaintiffs and other similarly situated Agents.
23
24  113.   Excluded from the proposed FLSA Collective are Defendants' executives,
    administrative and professional employees, including computer professionals and outside sales
25
    persons.
26
27  114.   Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members
    of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40
28

- 19 -

CLASS ACTION COMPLAINT

1   hours in a workweek.

2       115.   All of the work that Plaintiffs and the FLSA Collective members performed was

3   assigned by Defendants, and/or Defendants were aware of all of the work that Plaintiffs and the FLSA

4   Collective members performed.

5       116.   As part of its regular business practice, Defendants intentionally, willfully, and

6   repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs

7   and the FLSA Collective members. This policy and pattern or practice includes, but is not limited to:

8           a.  willfully failing to pay its employees, including Plaintiffs and the FLSA
               Collective, for all hours worked including premium overtime wages for all
9              hours worked in excess of 40 hours per workweek; and

10          b.  willfully failing to accurately record all of the time that its employees, including
               Plaintiffs and the FLSA Collective, worked for Defendants' benefit.
11

12      117.   Defendants are aware or should have been aware that federal law required them to pay

13  Plaintiffs and the FLSA Collective overtime premiums for all hours worked in excess of 40 per

14  workweek.

15      118.   Defendants failed to properly maintain timekeeping and payroll records pertaining to

16  the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

17      119.   Defendants' unlawful conduct was widespread, repeated, and consistent.

18      120.   A collective action under the FLSA is appropriate because the employees described

19  above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of

20  whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are

21  employed in the same or similar positions; (b) they were or are performing the same or similar job

22  duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d)

23  their claims are based upon the same factual and legal theories.

24      121.   The employment relationships between Defendants and every proposed FLSA

25  Collective member are the same and differ only by name, location, and rate of pay. The key issues –

26  the amount of uncompensated off-the-clock work owed to each employee – does not vary substantially

27  among the proposed FLSA Collective members.

28      122.   There are many similarly situated current and former Agents who were underpaid in

                                    - 20 -

1   violation of the FLSA who would benefit from the issuance of a court-authorized notice of this lawsuit

2   and the opportunity to join it.

3       123.   Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

4       124.   Those similarly situated employees are known to Defendants, are readily identifiable,

5   and can be located through Defendants' records.

6       125.   Plaintiffs estimate the proposed FLSA Collective, including both current and former

7   employees over the relevant period will include several hundreds, if not thousands, of workers. The

8   precise number of FLSA Collective members should be readily available from a review of Defendants'

9   personnel and payroll records.

10  **VII.   CLASS ALLEGATIONS**

11      126.   Plaintiffs bring this action as a class action pursuant to California Code of Civil § 382

12  for the following Classes of persons:

13      **National Class**
        All individuals who have worked for Defendants as a VHR at any time on or after the
14      date four years before the filing of this action.

15      **California Subclass**
        All individuals who have worked in California for Defendants as a VHR at any time
16      during the relevant statue of limitation

17      **Michigan Subclass**
        All individuals who have worked in Michigan for Defendants as a VHR at any time
18      during the relevant statue of limitation

19      **Florida Subclass**
        All individuals who have worked in Florida for Defendants as a VHR at any time during
20      the relevant statue of limitation

21      **South Carolina Subclass**
        All individuals who have worked in South Carolina for Defendants as a VHR at any
22      time during the relevant statue of limitation

23      **Maryland Subclass**
        All individuals who have worked in Maryland for Defendants as a VHR at any time
24      during the relevant statue of limitation

25  Excluded from the Class are all legal entities, Defendant herein and any person, firm, trust,

26  corporation, or other entity related to or affiliated with Defendant, as well as any judge, justice or

27  judicial officer presiding over this matter and members of their immediate families and judicial staff.

28      127.   The names and addresses of the individuals who comprise the FLSA Collective are

- 21 -

CLASS ACTION COMPLAINT

available from Defendants. Accordingly, Plaintiffs herein request an Order requiring Defendants to provide the names and all available locating information for all members of the FLSA Collective, so that notice can be provided regarding the pendency of this action, and of such individuals' right to opt-in to this action as party plaintiffs.

128.   _Numerosity._ Defendants have employed hundreds of individuals as VHRs during the relevant time periods.

129.   _Existence and Predominance of Common Questions._ Common questions of law and/or fact exist as to the members of the proposed classes and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the proposed classes. The common questions include the following:

   a.   Whether Defendants employed the Plaintiffs and Class Members within the meaning of the FLSA;

   b.   Whether Defendants employed the Plaintiffs and Class Members pursuant to California law;

   c.   Whether the Master Agreement is governed by California law;

   d.   Whether Defendants willfully misclassified Plaintiffs and the Class Members as independent contractors for purposes of the FLSA and California labor law;

   e.   Whether Defendants failed to pay Plaintiffs and the Class Members in a timely manner pursuant to the terms of the Master Agreement;

   f.   Whether Defendants failed to pay Plaintiffs and the Class Members in a timely manner under the FLSA and applicable labor codes;

   g.   Whether Defendants failed to maintain accurate time and employment records within the meaning of the FLSA and California law;

   h.   Whether Defendants failed to pay overtime premium wages due to Plaintiffs and the Class Members;

   i.   Whether Defendants failed to pay rest period wages and premium wages due to Plaintiffs and the Class Members;

   j.   Whether Defendants failed to pay meal period premium wages due to Plaintiffs

- 22 -

1    and the Class Members;

2           k.      Whether Defendants failed to provide accurate itemized wage statements to

3    Plaintiffs and the Class Members;

4           l.      Whether Defendants made unlawful deductions from Plaintiffs' and the Class

5    Members' wages;

6           m.      Whether Defendants failed to provide indemnify Plaintiffs and the Class

7    Members for business expenses;

8           n.      Whether Defendants' actions were unlawful or unfair under California Business

9    and Professional Code, section 17200 *et seq.*,

10          o.      Whether injunctive relief, restitution, and other equitable remedies, and

11   penalties are warranted;

12          p.      The amount of damages owed by Defendants; and

13          q.      Whether Defendants are liable for costs and attorneys' fees.

14   130.   Typicality. Plaintiffs' claims are typical of the claims of the proposed classes.

15   Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and

16   the proposed classes to sustain the same or similar injuries and damages. Plaintiffs' claims are

17   therefore representative of and co-extensive with the claims of the proposed classes.

18   131.   Adequacy. Plaintiffs are adequate representatives of the proposed classes because their

19   interests do not conflict with the interests of the members of the classes they seek to represent.

20   Plaintiffs have retained counsel competent and experienced in complex class action litigation and

21   Plaintiffs intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and

22   adequately protect the interests of members of the proposed classes.

23   132.   Superiority. The class action is superior to other available means for the fair and

24   efficient adjudication of this dispute. The injury suffered by each member of the proposed classes,

25   while meaningful on an individual basis, is of such magnitude as to make the prosecution of individual

26   actions against Defendants economically infeasible. Individualized litigation increases the delay and

27   expense to all parties and the court system presented by the legal and factual issues of the case. By

28   contrast, the class action device presents far fewer management difficulties and provides the benefits

- 23 -

CLASS ACTION COMPLAINT

1    of single adjudication, economies of scale, and comprehensive supervision by a single court.

2    133.   In the alternative, the proposed classes may be certified because the prosecution of

3    separate actions by the individual members of the proposed classes would create a risk of inconsistent

4    or varying adjudication with respect to individual members of the proposed classes that would

5    establish incompatible standards of conduct for Defendants; and Defendants have acted and/or refused

6    to act on grounds generally applicable to the proposed classes, thereby making appropriate final and

7    injunctive relief with respect to members of the proposed classes as a whole.

8
**FIRST CAUSE OF ACTION**
**VIOLATION OF FLSA, 29 U.S.C. § 201,** *et seq.*
9
**FAILURE TO PAY MINIMUM AND OVERTIME WAGES**
**(On Behalf of the FLSA Collective)**
10
11    134.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding

12    paragraphs of this Complaint.

13    135.   At all times relevant to this action, Defendant was engaged in interstate commerce, or

14    in the production of goods for commerce, as defined by the FLSA.

15    136.   At all times relevant to this action, Plaintiffs were "employees" of Defendant within the

16    meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

17    137.   Plaintiffs and the FLSA Collective members, by virtue of their job duties and activities

18    actually performed, are all non-exempt employees.

19    138.   Defendant is not "retail or service establishments" as defined by 29 U.S.C. § 213(a)(2)

20    of the FLSA.

21    139.   At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs and all

22    similarly situated current and former employees to work and thus "employed" them within the meaning

23    of 29 U.S.C. § 203(g) of the FLSA.

24    140.   At all times relevant to this action, Defendant required Plaintiffs and the FLSA

25    Collective members to perform work, but failed to pay these employees the federally mandated

26    minimum wage or overtime compensation for this work.

27    141.   The work performed every shift by Plaintiffs and the FLSA Collective members is an

28    essential part of their jobs and these activities and the time associated with these activities is not *de*

- 24 -

CLASS ACTION COMPLAINT

1   *minimis.*

2   142.    In workweeks where Plaintiffs and other FLSA Collective members worked, Plaintiffs

3   and other FLSA Collective members did not receive compensation above the federally required

4   minimum wage.

5   143.    In workweeks where Plaintiffs and other FLSA Collective members worked 40 hours

6   or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at

7   the federally mandated rate of 1.5 times each employee's regular hourly wage.

8   144.    Defendant's violations of the FLSA were knowing and willful. Defendant knew or

9   could have determined how long it took for their Agents to perform their work. Further, Defendant

10  could have easily accounted for and properly compensated Plaintiffs and the FLSA Collective for

11  these work activities, but did not.

12  145.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act,

13  each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional

14  equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

15                          **SECOND CAUSE OF ACTION**
                            **BREACH OF CONTRACT**
16                          **(On Behalf of the California Class)**

17  146.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding

18  paragraphs of this Complaint.

19  147.    Plaintiffs and the other VHRs entered into the Master Agreement with Defendant.

20  148.    Defendants' Master Agreement states:

21  Governing Law. This agreement shall be governed by the laws of the state of California
    as such law are applied to agreements entered into and performed entirely within the
22  State of California between California residents...

23  Accordingly, Defendants have contracted that California law is incorporated into and should apply to

24  the Master Agreement.

25  149.    Regardless of Plaintiffs' and the other VHRs' employment status, Defendants agreed

26  to pay Plaintiffs and the other VHRs on a per hearing basis subject to a sixty (60) day payment term.

27  150.    Defendant failed to pay the amount due under the Master Agreement to Plaintiffs and

28  the other VHRs within the proscribed sixty (60) day payment term.

- 25 -

CLASS ACTION COMPLAINT

1      151.   By reason of said breach, Plaintiffs and the National Class sustained damages in the

2   form of monetary losses. Accordingly, Plaintiffs and the National Class seek any payment of any

3   unpaid invoices, and interest raising from any unjustified late payments.

4                         **THIRD CAUSE OF ACTION**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
5                            **(On Behalf of the National Class)**

6      152.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding

7   paragraphs of this Complaint.

8      153.   Plaintiffs and the other VHRs entered into the Master Agreement with Defendant.

9      154.   Defendants' Master Agreement states:

10     <u>Governing Law.</u> This agreement shall be governed by the laws of the state of California
       as such law are applied to agreements entered into and performed entirely within the
11     State of California between California residents...

12   Accordingly, Defendants have contracted that California law is incorporated into and should apply to

13   the Master Agreement.

14      155.   The contractual relationship between the parties included an implied covenant of good

15   faith and fair dealing, which required the parties to act with fairness toward the other and to refrain

16   from any action that would prevent any party from realizing the potential benefits of the Master

17   Agreement.

18      156.   Regardless of Plaintiffs' and the other VHRs' employment status, Defendants agreed

19   to pay Plaintiffs and the other VHRs on a per hearing basis subject to a sixty (60) day payment term.

20      157.   Defendants maintained a policy of not paying Plaintiffs and the other VHRs unless the

21   VHRs' work product was acceptable to Defendants' clients and the Defendants' clients had paid their

22   invoices.

23      158.   Defendants breached the covenant by failing to pay Plaintiffs and the other VHRs

24   according to the proscribed sixty (60) day payment term. To justify the untimely payments, Defendants

25   misrepresented that the VHRs' work product was not acceptable and/or payment status of Defendant's

26   clients' invoices prevented payment. In actuality, these excuses were simply a bid to delay.

27      159.   By reason of said breach of the covenant of good faith and fair dealing, Plaintiffs and

28   the National Class sustained damages in the form of monetary losses. Accordingly, Plaintiffs and the

CLASS ACTION COMPLAINT

1    National Class seek any payment of any unpaid invoices, and interest arising from any unjustified late

2    payments.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 1182.11, 1182.12, 1194,**
**AND WAGE ORDER NO. 4 – FAILURE TO PAY MINIMUM WAGE**
**(On Behalf of the National Class, or alternatively the California Class)**

160.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding

paragraphs of this Complaint.

161.    Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California
as such law are applied to agreements entered into and performed entirely within the
State of California between California residents...

Accordingly, Defendants have contracted that California law is incorporated into and should apply to

the Master Agreement.

162.    Individuals are permitted to choose the law which will apply to their contracts, and

employers are able to provide their employees benefits that exceed those provided under their own

states' labor code.

163.    Here, Defendants expressly agreed that the VHRs agreement should be governed under

the laws of the state of California, and that VHRs should have all the rights and benefits applicable to

agreements entered into and performed entirely within the State of California between California

residents. This includes the California Labor Code. Accordingly, Plaintiffs bring this cause of action

on behalf of the National Class.

164.    Should the Court find that California law does not govern the claims of out-of-state

VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California

Subclass.

165.    At all times relevant to this complaint, Labor Code §§ 1182.11, 1182.12 provide for

the minimum wage that should be paid for all hours worked, irrespective of if an employee was

normally paid on an hourly, piece rate, or other basis. This minimum wage was $9.00 per hour starting

in July 1, 2014, $10.00 per hour starting in January 1, 2016, $10.50 per hour starting in January 1,

2017, and 11.00 per hour starting in January 1, 2018.

- 27 -

CLASS ACTION COMPLAINT

166.    Defendants failed to pay Plaintiffs and the National Class for all hours worked at the statutory minimum wage rate, as required by law and the Master Agreement, including for the time that VHRs worked at the hearing and after the hearing, preparing the transcript.

167.    Plaintiffs are informed and believe Defendants did not properly maintain records pertaining to when Plaintiffs and the National Class members began and ended each shift, in violation of Labor Code §1174 and Wage Order § 7(A).

168.    Defendants intentionally, maliciously, fraudulently and with the intent to deprive the Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying the statutory minimum wage rate by reducing the rate of pay to Plaintiffs and other Class members who worked overtime hours.

169.    Plaintiffs and the National Class were entitled to receive compensation at the minimum wage rate for all hours worked. Defendant's failure to pay lawful statutory minimum wages, as alleged above, was a willful violation of Labor Code §§ 1182.11, 1182.12, 1198, and Wage Order.

170.    Wherefore, Plaintiffs demand payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as minimum wages owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198**
**AND WAGE ORDER NO. 4 – FAILURE TO PAY OVERTIME**
**(On Behalf of the National Class, or alternatively the California Subclass)**

171.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

172.    Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California as such law are applied to agreements entered into and performed entirely within the State of California between California residents...

Accordingly, Defendants have contracted that California law is incorporated into and should apply to the Master Agreement.

173.    Individuals are permitted to choose the law which will apply to their contracts, and employers are able to provide their employees benefits that exceed those provided under their own

- 28 -

1   states' labor code.

2   174.   Here, Defendants expressly agreed that the VHRs agreement should be governed under

3   the laws of the state of California, and that VHRs should have all the rights and benefits applicable to

4   agreements entered into and performed entirely within the State of California between California

5   residents. This includes the California Labor Code.  Accordingly, Plaintiffs bring this cause of action

6   on behalf of the National Class.

7   175.   Should the Court find that California law does not govern the claims of out-of-state

8   VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California

9   Subclass.

10   176.   At all relevant times, Defendants regularly and consistently maintained corporate

11   policies and procedures designed to reduce labor costs by misclassifying their employees, therefore

12   reducing or minimizing the amount of compensation paid to its employees, especially overtime

13   compensation.

14   177.   At all relevant times, Plaintiffs and the National Class regularly performed non-exempt

15   work and were thus subject to the overtime requirements of California law.

16   178.   Labor Code §§ 510 and 1198 and Wage Order § 3(A) provide that: (a) employees are

17   entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours

18   worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of

19   forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive

20   day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular

21   rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8)

22   hours on the seventh (7th) consecutive day of work in a workweek.

23   179.   At all relevant times, Plaintiffs and the Class regularly worked in excess of eight (8) hours

24   in a workday and/or in excess of forty (40) hours in a workweek.

25   180.   At all relevant times, Defendants failed and refused to pay Plaintiffs and the Class

26   members for any and all hours actually worked in excess of the scheduled shift.

27   181.   Plaintiffs are informed and believe Defendants did not properly maintain records

28   pertaining to when Plaintiffs and the National Class members began and ended each shift, in violation

- 29 -

CLASS ACTION COMPLAINT

1   of Labor Code §1174 and Wage Order § 7(A).

2       182.   Defendants intentionally, maliciously, fraudulently and with the intent to deprive the Class

3   of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a

4   scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiffs and other Class

5   members who worked overtime hours.

6       183.   Plaintiffs and the Class were entitled to receive overtime compensation at their lawful

7   regular rate of pay, including the differential where applicable. Defendant's failure to pay lawful

8   premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and

9   Wage Order.

10       184.   Wherefore, Plaintiffs demand payment of the unpaid balance of the full amount of

11   wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon,

12   penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512**
**FAILURE TO PROVIDE MEAL AND REST BREAKS**
**(On Behalf of the National Class, or alternatively the California Subclass)**

15       185.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding

paragraphs of this Complaint.

17       186.   Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California
as such law are applied to agreements entered into and performed entirely within the
State of California between California residents…

Accordingly, Defendants have contracted that California law is incorporated into and should apply to

the Master Agreement.

22       187.   Individuals are permitted to choose the law which will apply to their contracts, and

employers are able to provide their employees benefits that exceed those provided under their own

states' labor code.

25       188.   Here, Defendants expressly agreed that the VHRs agreement should be governed under

the laws of the state of California, and that VHRs should have all the rights and benefits applicable to

agreements entered into and performed entirely within the State of California between California

- 30 -

CLASS ACTION COMPLAINT

1   residents. This includes the California Labor Code. Accordingly, Plaintiffs bring this cause of action

2   on behalf of the National Class.

3       189.   Should the Court find that California law does not govern the claims of out-of-state

4   VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California

5   Subclass.

6       190.   Labor Code § 512, and Wage Order § 11(A) and (B) provide that an employer may not

7   employ a person for a work period of more than five (5) hours without providing the employee with a

8   meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of

9   more than ten (10) hours per day without providing the employee with a second meal period of not

10   less than (30) minutes.

11       191.   Additionally, Defendants were required to provide a rest period of ten (10) minute

12   break for each four (4) hour period, or major fraction thereof, worked.

13       192.   At all relevant times, Plaintiffs and the National Class consistently worked in excess of

14   five (5), and sometimes more than ten (10), hours in a day.

15       193.   At all relevant times, Defendants regularly required employees to perform work during

16   their first and/or second meal periods, without proper compensation. Further, Defendants did not

17   provide rest breaks as is required by California law. Defendants' practice of requiring employees to

18   perform work during their legally mandated meal and rest periods without premium compensation is

19   a violation of Labor Code §§ 226.7 and 512, and Wage Order.

20       194.   Defendants purposefully elected not to provide meal and rest periods to Plaintiffs and

21   National Class members, and Defendants acted willfully, oppressively, and in conscious disregard of

22   the rights of Plaintiffs and the National Class members in failing to do so.

23       195.   Plaintiffs are informed and believe Defendants did not properly maintain records

24   pertaining to when Plaintiffs and the National Class members began and ended each meal period, in

25   violation of Labor Code §1174 and Wage Order § 7(A).

26       196.   As a result of Defendants' knowing, willful, and intentional failure to provide meal and

27   rest breaks, Plaintiffs and the National Class members are entitled to recover one (1) additional hour

28   of pay at the employee's regular rate of pay for each work day that a meal and/or rest period was not

CLASS ACTION COMPLAINT

1  provided, pursuant to Labor Code § 226.7 and Wage Order § 11(D), and penalties, reasonable

2  attorneys' fees, and costs pursuant to Labor Code §§ 218.5.

3      197.   Defendants' wrongful and illegal conduct in failing to provide Class members with

4  meal or rest breaks or to provide premium compensation, unless and until enjoined by order of this

5  Court, will continue to cause great and irreparable injury to Plaintiffs and the Class members in that

6  Defendant will continue to violate these laws unless specifically ordered to comply with the same. The

7  expectation of future violations will require current and future employees to repeatedly and

8  continuously seek legal redress in order to gain compensation to which they are already entitled.

9  Plaintiffs and the National Class members have no other adequate remedy at law to insure future

10  compliance with the laws alleged to have been violated.

11      198.   Wherefore, Plaintiffs demand pursuant to Labor Code Section 227.7(b) that Defendants

12  pay each National Class member one additional hour of pay at the Class member's regular rate of

13  compensation for each work day that the meal and/or rest period was not provided.

14                      **SEVENTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 221 and 223**

15  **UNLAWFUL DEDUCTIONS**
**(On Behalf of the National Class, or alternatively the California Subclass)**

16
17      199.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding

paragraphs of this Complaint.

18
19      200.   Defendants' Master Agreement states:

20      Governing Law. This agreement shall be governed by the laws of the state of California
    as such law are applied to agreements entered into and performed entirely within the
    State of California between California residents…

21
22  Accordingly, Defendants have contracted that California law is incorporated into and should apply to

the Master Agreement.

23
24      201.   Individuals are permitted to choose the law which will apply to their contracts, and

25  employers are able to provide their employees benefits that exceed those provided under their own

states' labor code.

26
27      202.   Here, Defendants expressly agreed that the VHRs agreement should be governed under

28  the laws of the state of California, and that VHRs should have all the rights and benefits applicable to

- 32 -

CLASS ACTION COMPLAINT

1   agreements entered into and performed entirely within the State of California between California

2   residents. This includes the California Labor Code.  Accordingly, Plaintiffs bring this cause of action

3   on behalf of the National Class.

4       203.    Should the Court find that California law does not govern the claims of out-of-state

5   VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California

6   Subclass.

7       204.    At all relevant times, Defendants regularly and consistently maintained corporate

8   policies and procedures designed to reduce labor costs by reducing or minimizing the amount of

9   compensation paid to its employees.

10      205.    As more fully set forth above, Defendants made deductions from Plaintiffs' and the

11  National Class members' paychecks.

12      206.    Labor Code § 221 provides it is unlawful for any employer to collect or receive from

13  an employee any part of wages theretofore paid by employer to employee.

14      207.    Labor Code § 223 provides that where any statute or contract requires an employer to

15  maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting

16  to pay the wage designated by statute or by contract. Labor Code section 225 further provides that the

17  violation of any provision of Labor Code §§ 221 and 223 is a misdemeanor.

18      208.    As a result of the conduct alleged above, Defendants unlawfully collected or received

19  from Plaintiffs and the National Class part of the wages paid to their employees.

20      209.    Wherefore, Plaintiffs demand the return of all wages unlawfully deducted from the

21  paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant

22  to Labor Code §§ 225.5 and 1194.

23                          **EIGHTH CAUSE OF ACTION**
                    **VIOLATION OF CALIFORNIA LABOR CODE § 2802**
24          **FAILURE TO INDEMNIFY EMPLOYEES' EXPENSES AND LOSSES**
            **(On Behalf of the National Class, or alternatively the California Subclass)**
25
26      210.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding

    paragraphs of this Complaint.
27
        211.    Defendants' Master Agreement states:
28

                                      - 33 -

1    <u>Governing Law.</u> This agreement shall be governed by the laws of the state of California
     as such law are applied to agreements entered into and performed entirely within the
2    State of California between California residents…

3    Accordingly, Defendants have contracted that California law is incorporated into and should apply to

4    the Master Agreement.

5          212.   Individuals are permitted to choose the law which will apply to their contracts, and

6    employers are able to provide their employees benefits that exceed those provided under their own

7    states' labor code.

8          213.   Here, Defendants expressly agreed that the VHRs agreement should be governed under

9    the laws of the state of California, and that VHRs should have all the rights and benefits applicable to

10   agreements entered into and performed entirely within the State of California between California

11   residents. This includes the California Labor Code.  Accordingly, Plaintiffs bring this cause of action

12   on behalf of the National Class.

13         214.   Should the Court find that California law does not govern the claims of out-of-state

14   VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California

15   Subclass.

16         215.   California Labor Code § 2802 provides that an employer shall indemnify his or her

17   employee for all necessary expenditures or losses incurred by the employee in direct consequence of

18   the discharge of his or her duties.

19         216.   As more fully set forth above, Defendants knowingly and willfully violated California

20   Labor Code § 2802 by failing to pay Plaintiffs and members of the National Class all expenses and

21   losses owed as alleged.  Defendants are therefore liable to Plaintiffs and members of the National

22   Class for expenses and losses incurred in direct consequence of the discharge of their employment

23   duties.

24         217.   Plaintiffs, individually and on behalf of the members of the National Class, respectfully

25   request that the Court award all expenses and losses due, and the relief requested below in the Prayer

26   for Relief.

27

28

CLASS ACTION COMPLAINT

### NINTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA LABOR CODE § 226 and 1174
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
**(On Behalf of the National Class, or alternatively the California Subclass)**

218.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

219.    Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California as such law are applied to agreements entered into and performed entirely within the State of California between California residents...

Accordingly, Defendants have contracted that California law is incorporated into and should apply to the Master Agreement.

220.    Individuals are permitted to choose the law which will apply to their contracts, and employers are able to provide their employees benefits that exceed those provided under their own states' labor code.

221.    Here, Defendants expressly agreed that the VHRs agreement should be governed under the laws of the state of California, and that VHRs should have all the rights and benefits applicable to agreements entered into and performed entirely within the State of California between California residents. This includes the California Labor Code. Accordingly, Plaintiffs bring this cause of action on behalf of the National Class.

222.    Should the Court find that California law does not govern the claims of out-of-state VHRs, Plaintiff Guillen will alternatively assert this cause of action on behalf of the California Subclass.

223.    Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing the total hours worked, and the applicable hourly rates and corresponding total number of hours worked.

224.    At all relevant times, Defendants failed to maintain proper records and furnish Plaintiffs and the National Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

- 35 -

225. At all relevant times, Defendants failed to furnish Plaintiffs and the National Class members with accurate wage statements in writing, showing: (1) gross wages earned; (2) total hours worked by each respective employee; (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her social security number or an employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

226. Plaintiffs are informed and believe that Defendants knew or should have known that Plaintiffs and the Class members were entitled to receive wage statements compliant with Labor Code § 226 and 1174, and that Defendants willfully and intentionally failed to provide Plaintiffs and the Class members with such accurate, itemized statements showing, for example, accurate hours and overtime calculations.

227. Wherefore Plaintiffs demand that Defendants pay each and every Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

**TENTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, 203, and 256 –**
**WAITING TIME PENALTIES**
**(On Behalf of the National Class, or alternatively the California Subclass)**

228. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

229. Defendants' Master Agreement states:

Governing Law. This agreement shall be governed by the laws of the state of California as such law are applied to agreements entered into and performed entirely within the State of California between California residents...

Accordingly, Defendants have contracted that California law is incorporated into and should apply to the Master Agreement.

230. Individuals are permitted to choose the law which will apply to their contracts, and employers are able to provide their employees benefits that exceed those provided under their own

- 36 -

1    states' labor code.

2    231. California Labor Code § 201 provides that any discharged employee is entitled to all

3    wages due at the time of discharge.

4    232. Where an employer willfully fails to pay discharged or quitting employees all wages

5    due as required under the California Labor Code, the employer is liable to such employees under

6    California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation

7    at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

8    233. As more fully set forth above, Defendants knowingly and willful violated California

9    Labor Code §§ 201 and 202 by failing to pay California Plaintiffs and National Class members in a

10   timely manner, including those who are no longer employed by Defendants. Defendants are therefore

11   liable to National Class members who are no longer employed by Defendants for waiting time

12   penalties as required by California Labor Code § 203.

13   **ELEVENTH CAUSE OF ACTION**
     **VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT,**
14   **M.C.L. § 408.11, *et seq*. -- FAILURE TO PAY MINIMUM WAGE**
     **(On Behalf of Plaintiffs O'Leary and Frame and the Michigan Subclass)**
15
     234. Plaintiffs O'Leary and Frame hereby incorporate by reference the allegations contained
16
     in the preceding paragraphs of this Complaint.
17
     235. Defendants, Plaintiffs O'Leary and Frame and the Michigan Subclass members are
18
     "employers" and "employees" for the purposes of the Michigan Workforce Opportunity Wage Act
19
     ("WOWA"), MCL § 408.411, *et seq*. Section 404.413 states that an "employer shall not pay any
20
     employee at a rate that is less than prescribed in this act."
21
     236. Thus, all putative Michigan Subclass members are entitled a minimum wage pursuant
22
     to Michigan's wage and hour laws. WOWA § 408.414.
23
     237. In situations where an employee is subject to both the state and federal minimum wage
24
     laws, the employee is entitled to the higher of the two minimum wage rates.
25
     238. Defendants violated Michigan law, including WOWA § §408.414 and 404.413, by
26
     regularly and repeatedly failing to compensate Plaintiffs O'Leary and Frame and the Michigan
27
     Subclass at the appropriate overtime wage premium as described in this Complaint. As a result,
28

                                        - 37 -

1  Plaintiffs O'Leary and Frame and the Michigan Subclass have and will continue to suffer loss of

2  income and other damages. Accordingly, Plaintiffs O'Leary and Frame and the Michigan Subclass are

3  entitled to recover unpaid wages owed, plus all damages, fees and costs, available under WOWA,

4  MCL § 408.411, *et seq.*

5  **TWELFTH CAUSE OF ACTION**
   **VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT,**

6  **M.C.L. § 408.11, *et seq.* – FAILURE TO PAY OVERTIME WAGE**
   **(On Behalf of Plaintiffs O'Leary and Frame and the Michigan Subclass)**

7

8  239.     Plaintiffs O'Leary and Frame hereby incorporate by reference the allegations contained

   in the preceding paragraphs of this Complaint.

9

10  240.     Defendants, Plaintiffs O'Leary and Frame and the Michigan Subclass members are

11  "employers" and "employees" for the purposes of the WOWA. MCL § 408.411, *et seq.*  Section

12  404.414a states that an "an employee shall receive compensation at not less than 1-1/2 times the

13  regular rate at which the employee is employed for employment in a workweek in excess of 40 hours."

14  241.     Thus, all putative Michigan Subclass members are entitled their over mine wages

15  pursuant to Michigan's wage and hour laws. WOWA §§ 408.413 and 408.414da

16  242.     Defendants violated Michigan law, including WOWA §§ 408.414a by regularly and

17  repeatedly failing to compensate Plaintiffs O'Leary and Frame and the Michigan Subclass at the

18  appropriate minimum wage as described in this Complaint. As a result, Plaintiffs O'Leary and Frame

19  and the Michigan Subclass have and will continue to suffer loss of income and other damages.

20  Accordingly, Plaintiffs O'Leary and Frame and the Michigan Subclass are entitled to recover unpaid

21  wages owed, plus all damages, fees and costs, available under WOWA, MCL § 408.411, *et seq.*

22  **THIRTEENTH CAUSE OF ACTION**
   **VIOLATION OF FLORIDA CONSTITUTION, Art. X, Sec. 24(c)**
   **FAILURE TO PAY MINIMUM WAGE**

23  **(On Behalf of Plaintiff Sitterson and the Florida Subclass)**

24  243.     Plaintiff Sitterson hereby incorporate by reference the allegations contained in the

25  preceding paragraphs of this Complaint.

26  244.     Defendants, Plaintiff Sitterson and the Florida Subclass members are "employers" and

27  "employees" for the purposes of the Florida Constitution, Art. X, Sec. 24(b) (mirroring the definitions

28  under the FLSA).  The Florida Constitution, Art. X, Sec. 24(c) states that an "[e]mployers shall pay

- 38 -

CLASS ACTION COMPLAINT

1   Employees Wages no less than the Minimum Wage for all hours worked in Florida."

2     245. Thus, all putative Florida Subclass members are entitled a minimum wage pursuant to

3   Michigan's wage and hour laws.

4     246. Defendants violated Florida law, including Florida Constitution, Art. X, Sec. 24, by

5   regularly and repeatedly failing to compensate Plaintiff Sitterson and the Florida Subclass at the

6   appropriate minimum wage as described in this Complaint. As a result, Plaintiff Sitterson and the

7   Florida Subclass have and will continue to suffer loss of income and other damages. Accordingly,

8   Plaintiff Sitterson and the Florida Class are entitled to recover unpaid wages owed, plus all liquidated

9   damages, fees and costs, available under WOWA, Florida Constitution, Art. X, Sec. 24(e).

10
         **FOURTEENTH CAUSE OF ACTION**
      **VIOLATION OF THE PAYMENT OF WAGES ACT,**
11
    **Code 1976 §§ 41-10-40, *et seq*. -- FAILURE TO PAY WAGES**
     **(On Behalf of Plaintiff Naufel and the South Carolina Subclass)**
12

13     247. Plaintiff Naufel hereby incorporate by reference the allegations contained in the

preceding paragraphs of this Complaint.
14

15     248. South Carolina has no statutory minimum wage, or overtime provisions.  However,

16   employers are still subject to the FLSA.

17     249. Under South Carolina's Payment of Wages Act, employers may pay all wages due

18   within the agreed upon time period. Code 1976 §§ 41-10-30(A) & 41-10-40(D).

19     250. "An employer shall not withhold or divert any portion of an employee's wages unless

20   the employer is required or permitted to do so by state or federal law or the employer has given written

21   notification to the employee of the amount and terms of the deductions." Code 1976 § 41-10-40(C).

22     251. Agents or officers of corporation may be individually liable for knowingly permitting

their corporation to violate Payment of Wages Act.
23

24     252. Defendants violated South Carolina law, including Code 1976 §§ 41-10-30(A) & 41-

25   10-40(D), by regularly and repeatedly failing to compensate Plaintiff Naufel and the South Carolina

26   Subclass at the appropriate minimum and overtime wages as described in this Complaint. Additionally,

27   Defendant's unlawfully withheld of deduced portions of lawful owed wages in violation of Code 1976

28   § 41-10-40(C). As a result, Plaintiff Naufel and the South Carolina Subclass have and will continue to

CLASS ACTION COMPLAINT

suffer loss of income and other damages. Accordingly, Plaintiff Naufel and the South Carolina Class are entitled to recover unpaid wages owed, plus all liquidated damages, fees and costs, available under WOWA, Florida Constitution, Art. X, Sec. 24(e).

### FIFTEENTH CAUSE OF ACTION
### VIOLATION OF THE MARYLAND WAGE AND HOUR LAW,
### § 3–401, *et seq.* of the Labor and Employment Article -- FAILURE TO PAY WAGES
### (On Behalf of Plaintiff Chapman and the Maryland Subclass)

253.    Plaintiff Chapman hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

254.    Defendants are "employers" for the purposes of the Maryland Wage and Hour Law. Labor and Employment Article, § 3–401(b).

255.    Under the Maryland Wage and Hour Law, employers are required to the greater of the federal or state mandated minimum wage. Labor and Employment Article, § 3–413(b). Additionally, employers are required to pay an overtime wage of at least 1.5 times the usual hourly wage for each hour over forty (40) hours that an employee works during a workweek.. *Id.*, at § 3–420(a).

256.    Defendants failed to provide the federal or state mandated minimum wage or overtime premium wages, as required by law.  Thus, all putative Maryland Subclass members are entitled their overtime wages and minimum.

257.    Defendants violated Maryland law, including §§ 3–413(b) and § 3–420(a) of the Labor and Employment Article, by regularly and repeatedly failing to compensate Plaintiff Chapman and the Maryland Subclass at the appropriate minimum wage as described in this Complaint. As a result, Plaintiff Chapman and the Maryland Subclass have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff Chapman and the Maryland Subclass are entitled to recover unpaid wages owed, plus all damages, fees and costs, available under the Maryland Wage and Hour Law, *Id.*, at § 3–427.

### SIXTEENTH CAUSE OF ACTION
### VIOLATION OF THE MARYLAND WAGE PAYMENT COLLECTION LAW,
### § 3–501, *et seq.* of the Labor and Employment Article -- FAILURE TO PAY WAGES
### (On Behalf of Plaintiff Chapman and the Maryland Subclass)

258.    Plaintiff Chapman hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

- 40 -

259.   Defendants are "employers" for the purposes of the Maryland Wage Payment Collection Law.  Labor and Employment Article, § 3–501(b).

260.   Plaintiff Chapman and the Maryland Subclass were entitled to wages defined under Labor and Employment Article, § 3–501(c).

261.   Maryland Wage Payment Collection Law requires that employees be paid on regular intervals, and at least once in every two weeks or twice in each month. Labor and Employment Article, § 3–502(1).

262.   An "employer shall pay an employee or the authorized representative of an employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Labor and Employment Article, § 3–505.

263.   Employers may not make a deduction from the wage of an employee unless the deduction is: (1) ordered by a court of competent jurisdiction; (2) authorized expressly in writing by the employee; or (3) otherwise made in accordance with any law or any rule or regulation issued by a governmental unit. Labor and Employment Article, § 3–503.

264.   As more fully set forth above, Defendants timely failed to pay Plaintiff Chapman and the Maryland Subclass their entitled to wages within two weeks of the date that they are due pursuant to Labor and Employment Article, §§ 3–502 & 3–505. Accordingly, Plaintiff Chapman and the Maryland Subclass are entitled to recover any unpaid wages owed, plus trebling of damages, fees and costs, available under the Maryland Wage and Hour Law, *Id.*, at § 3–507.

**SEVENTEENTH CAUSE OF ACTION**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq.***
**(On Behalf of the National Class)**

265.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

266.   Defendants are located in California, and all pertinent business decisions regarding Defendant's business practices occurred and emanated from this state.

267.   Defendants engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above.

- 41 -

268.    In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and for unfair business practice within the meaning of Business & Professions Code § 17200, *et seq.*

269.    As a result of Defendants' conduct, Plaintiffs and the Class have been harmed as described in the allegations set forth above.

270.    The actions described above, constitute unfair and unlawful business practices within the meaning of California Business & Professions Code § 17200, *el seq.* By and through such unfair and/or unlawful business practices, Defendants obtained valuable property, money and services from Plaintiffs and the Class.

271.    Defendants were unjustly enriched by the policies and practices described, and those policies and practices conferred an unfair business advantage on Defendants over other businesses providing similar services which routinely comply with the requirements of applicable wage and hour laws.

272.    Plaintiffs seek, on their own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein, as necessary and according to proof.

273.    Plaintiffs seek, on their own behalf, and on behalf of other Class members similarly situated, an injunction to prohibit Defendants from continuing to engage in the unfair and unlawful business practices complained of herein. Defendants' unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs and all Class members in that Defendants will continue to violate the law unless specifically ordered to comply with the same. Plaintiffs have no other adequate remedy at law to insure future compliance with the labor laws and wage orders alleged to have been violated herein.

## VIII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for relief and judgment as follows:

A.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

B.    Designating the named Plaintiffs as Representative of the proposed FLSA collective;

- 42 -

CLASS ACTION COMPLAINT

C.      Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

D.      Certifying the proposed National Class, and state Subclasses;

E.      Designating Plaintiffs as representatives of the proposed Class;

F.      Appointing Plaintiffs' counsel as Class Counsel;

G.      Declaring that Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

H.      Granting judgment in favor of Plaintiffs and against Defendants and awarding the amount of unpaid wages due;

I.      Awarding statutory penalties;

J.      Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

K.      For disgorgement and restitution to Plaintiffs and other similarly effected Class members of all funds unlawfully acquired by Defendants, and withheld from Plaintiffs and the Class, by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code § 17200, *et seq.*;

L.      For an injunction prohibiting Defendant from engaging in the unfair business practices complained of;

M.      For an order requiring Defendant to show cause, if any there be, why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's employees related to same; and for an order enjoining and restraining Defendant and their agents, servants and employees related thereto;

N.      For actual damages or statutory penalties according to proof as set forth in California Labor Code §§ 226, 1174, and Wage Order § 7(A) related to record keeping;

O.      For pre-judgment interest as allowed by California Labor Code §§ 218.6, 1194 and

- 43 -

1    2802(b) and California Civil Code § 3287 and other statutes;

2          P.     For reasonable attorneys' fees, expenses, and costs as provided by the FLSA, California

3 Labor Code §§ 218.5, 226(e) and (g), 1194, 2802 and California Code of Civil Procedure § 1021.5;

4          Q.     All other relief available to Plaintiffs and the Aggrieved Employees pursuant *Lawson*

5 *v. ZB, N.A.*, (2017) 18 Cal.App.5th 705; and

6          R.     For such other and further relief the Court may deem just and proper.

7 **IX.**    **JURY TRIAL DEMAND**

8          Plaintiff demand a trial by jury for all of the claims asserted in this Complaint so triable.'

9

10 DATED: September 24, 2018             Respectfully submitted,

11                                      FINKELSTEIN & KRINSK LLP

12                                      By:

13

14                                      Jeffrey R. Krinsk, Esq.
                                     Trenton R. Kashima, Esq.

15                                      550 West C St., Suite 1760
                                     San Diego, CA 92101-3593

16                                      Telephone:  (619) 238-1333
                                     Facsimile:  (619) 238-5425

17                                      PITT MCGEHEE PALMER & RIVERS, P.C.
                                     Megan A. Bonanni, Esq. (Pro Hac Vice Application

18                                      Forthcoming)
                                     mbonanni@pittlawpc.com

19                                      117 West 4th Street, Suite 200
                                     Royal Oak, MI 48067

20                                      Telephone: (248) 939-5081

21                                      SOMMERS SCHWARTZ P.C.
                                     Jason T. Thompson, Esq. (Pro Hac Vice Application

22                                      Forthcoming)
                                     jthompson@sommerspc.com

23                                      One Towne Square, 17th Floor
                                     Southfield, MI 48076

24                                      Telephone: (248) 355-0300

25                                      *Attorneys for Plaintiffs*

26                                      *and the Putative Classes*

27

28

                                           - 44 -

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Trenton R. Kashima, Esq. (SBN 291405)<br>Finkelstein & Krinsk LLP<br>550 W C Street, Suite 1760 \| San Diego, CA 92101<br>San Diego, CA 92101<br>TELEPHONE NO.: 619.238.1333      FAX NO.: 619.238.5425<br>ATTORNEY FOR *(Name):* Plaintiffs | FOR COURT USE ONLY<br><br>**FILED**<br>**Superior Court Of California,**<br>**Sacramento**<br>**09/25/2018**<br>**jmora**<br>**By** _____, **Deputy**<br>**Case Number:**<br>**34-2018-00241370** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento<br>STREET ADDRESS: 720 9th Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Sacramento, 95814<br>BRANCH NAME: | |
| CASE NAME:<br>Guillen v. Garmazzi, Inc. et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount      (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

BY FAX

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/24/18

Trenton R. Kashima, Esq. (SBN 291405)
_____     ►_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependant Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CARMAZZI, INC. d/b/a, CARMAZZI GLOBAL SOLUTIONS. a California
corporation, JAMES CARMAZZI and ANGELA CARMAZZI

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANA MARIA GUILLEN, ELENI O'LEARY, RICK FRAME,
MARK SITTERSON, MARY NAUFEL, and KRISTEN CHAPMAN ,
individually and on behalf of all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court Of California,
Sacramento
**09/25/2018**
jmora
By _____ , Deputy
Case Number:
**34-2018-00241370**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|

Superior Court of the State of California, County of Sacramento
720 9th Street, Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Finkelstein & Krinsk LLP, Trenton R. Kashima, (SBN 291405)

550 West C Street, Ste. 1760 San Diego, CA 92101 (619) 238-1333

| DATE: *(Fecha)* **SEP 2 5 2018** | Clerk, by *(Secretario)* **J. MORA** | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/6/18

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|